## COMMONWEALTH *vs.* MINOT THAYER, 2D.

If A., who is not licensed to sell spiritous liquor, takes money of B. for some other arti cle, which B. receives from him, and B. thereupon takes A.'s spiritous liquor, without any words concerning it, this constitutes a sale of the liquor, and A. is guilty of a violation of the Rev. Sts. *c.* 47, if any part of the money is given by B. and received by A. in payment for the liquor.

When one, who is not licensed to sell spiritous liquor, sells it with another article, and receives pay for both together, it is sufficient, in a complaint or indictment against him on the Rev. Sts. *c.* 47, to allege the sale of the liquor only.

THIS was a complaint against the defendant for selling to Albert Hersey one glass of spiritous liquor, on the 19th of February 1844. The form of the complaint, *mutatis mutandis*, was the same as in the next preceding case, against the same defendant. At the trial in the court of common pleas, before *Ward*, J. " it appeared that the defendant was keeper of a public house in which was a bar and a bar-keeper. Albert Hersey, the only witness produced, testified that he never bought any spiritous liquor of the defendant ; that he bought a cake of him, for six cents, and at the same time a decanter of spiritous liquor was set upon the bar, from which he helped himself; that he never bought a similar cake for less than six cents, but that he did not know the value of the same."

The court instructed the jury, that if they believed that any part of the six cents was given by the witness, and received by

the defendant, to pay for the liquor, it constituted a sale, and the defendant was guilty. The jury returned a verdict, finding the defendant guilty, and he alleged exceptions to said instructions.

The defendant requested the court to rule " that, if the money was designed, and understood or agreed, to be for the cake and liquor jointly, the complaint should have averred a sale of both articles." But the court ruled that, in this respect, the com plaint was sufficient, and that there was no variance.

Before the verdict was returned, the defendant moved the court " to quash the complaint, because it did not charge the sale to have been made by the defendant, nor specify any time when said sale was made." But the court overruled the motion, and the defendant alleged exceptions.

*Churchill,* for the defendant.

*Wilkinson,* (District Attorney,) for the Commonwealth.

DEWEY, J. The question whether the defendant sold the liquor, as alleged in the complaint, was submitted to the jury under proper instructions. The government alleged a sale to Albert Hersey of one glass of spiritous liquor, and was bound to establish the fact. To constitute such sale, there must be the assent of the two parties; there must be a vendor and a vendee. But no words need be proved to have been spoken. A sale may be inferred from the acts of the parties, and no disguise which the parties may attempt to throw over the transac tion, with a view of evading the penalty of the law, can avail them, if in truth such sale is found to have taken place. The ruling of the presiding judge, as to the payment of any part of the money, and the receipt thereof in payment for the liquor, constituting a sale, was correct.

It is no objection to the form of the complaint, that the sale of the cake was not set forth. The law does not require, in such cases, a contract of sale to be set out with all the terms, conditions and stipulations, or the precise consideration paid for the thing purchased. It only requires a direct allegation of a sale of liquor, leaving the circumstances to be disclosed by the evidence offered to support the charge.

*Exceptions overruled.*