## RUSSELL *v.* HALTOM.

### Opinion delivered October 7, 1905.

1. SALE—SUFFICIENCY OF DELIVERY.—Where a vendor of chattels delivered them to one of his employees to hold as agent for the vendee, the delivery was sufficient to complete the sale. (Page 508.)

2. EVIDENCE—INTENTION.—Where a vendor had been permitted to testify that the vendee in a bill of sale absolute on its face demanded the instrument as security for a pre-existing debt, and that he executed same only as security, it was not error to refuse to permit him to testify what his intention was in executing the bill of sale. (Page 509.)

Appeal from Ouachita Circuit Court.

CHARLES W. SMITH, Judge.

Affirmed.

Action by J. C. Russell as trustee of the estate of L. E. Breathwit, a bankrupt, against Haltom & Lester to recover possession of personal property.

Verdict and judgment below for defendants, and plaintiff appealed.

*Thornton & Thornton,* for appellants.

Appellant should have been permitted to show that the bill of sale was intended as security for a debt past due.   54 Ark. 32. An unusual degree of secrecy observed between the parties in making the sale is a badge of fraud.   Wait, Fr. Conv. § 234. · The want of delivery and possession in the sale of chattels is evidence of fraud.   Wait, Fr. Conv. §259; 7 Ark. 197; 23 Ark. 128; 31 Ark. 163; 35 Ark. 306; 54 Ark. 305; 50 Ark. 289; 33 Ark. 328. Inadequacy of price is a strong badge of fraud.   8 Ark. 510; 33 Ark. 338; Wait, Fr. Conv. § 232.   Fraud may be presumed not only from the face of the instrument but from concurrent acts and circumstances.   41 Ark. 186.

*Smead & Powell,* for appellee.

There was sufficient delivery of the property.   54 Ark. 305. Possession of personal property taken by the defendants at the time and retained is equivalent to record notice.   29 Ark. 279; 52 Ark. 385.   The plaintiff could not maintain his suit until he had offered to return the lumber or its value, obtained by virtue of the security.·  16 Ark. 90; 34 Ark. 103; 45 Ark. 447; 62 Ark. 133.   One who seeks to rescind a contract must put, or offer to put, the other party *in statu quo.*   4 Ark. 467; 25 Ark. 196; 35 Ark. 483; 38 Ark. 334.

McCULLOCH, J.   Appellant, as trustee of the estate of Mrs. L. E. Breathwit, who had been adjudged a bankrupt, commenced this suit to recover of the defendants, Haltom & Lester, thirty-two mules, two wagons, thirty sets of harness, and two saddles.   The defendants answered, claiming to be owners of the property by purchase and delivery from Mrs. Breathwit before the adjudication of bankruptcy, and exhibited a written bill of sale from her, purporting to convey the property to them absolutely in consideration of the sum of $2497,21 paid in cash.

It is undisputed that, at the time of the execution of the bill of sale by Mrs. Breathwit, she was indebted to the defendants in the sum named in the bill of sale for balance due on the price of a lot of lumber bought from them a few months previously.   The defendants, as security for the purchase price, retained title to the lumber until the price should be paid.   A part of the lumber was on hand when the bill of sale was executed, and defendants had

forbidden the shipment of any more of the lumber until the debt should be paid in full.

Appellant contended that the bill of sale. though on its face purporting to convey unconditionally the title to the property, was intended only as security for the debt, and he introduced testimony tending to establish that fact. J. L. Breathwit, who, as agent for Mrs. L. E. Breathwit, conducted the dealings with appellees, and executed the bill of sale, testified that the instrument was intended as security, and that the property was worth $4250. He also testified that it was agreed between the parties that the transaction should be kept secret, and that the bill of sale should not be placed of record. T. P. Lester, one of appellants, testified that the conveyance was intended to be absolute, and that there was no agreement or understanding that it should operate only as a security for debt. He and other witnesses introduced by appellees testified that the price named in the bill of sale was a fair market value of the property.

The case was tried below by appellant upon the theory that the conveyance was intended only as security, and that the same was a fraud upon the rights of other creditors of Mrs. Breathwit. The court submitted it to the jury upon this theory, and, in returning a verdict for the defendants, the jury necessarily found that the transaction was free from fraud, and that an absolute conveyance of the title was intended. The court by its instructions, in effect, told the jury that they must find these facts to exist before they could return a verdict for the defendants. The instructions of the court were as favorable to appellant as the testimony warranted, and we find no errors in them prejudicial to his rights. The testimony was conflicting, and quite sufficient to warrant the verdict.

Counsel for appellant contends that there was no delivery of the property under the bill of sale, and that the title did not pass against creditors. On this issue, too, the verdict of the jury settled the question against appellant's contention. It was shown that the delivery of the property was made at the time of the execution of the bill of sale, and that the same was left in the possession of one Grayson, an employee of appellant, to hold for appellees. Counsel contends that this was equivalent to retention of possession by appellant, and that no title passed. This conten-

tion is not, however, sound, for the reason that Grayson, though an employee of appellant, could have been constituted the agent of appellee for the purpose of holding the property, and the evidence shows that such was a fact. This constituted not only a constructive delivery, but an actual change of possession. Either is sufficient to complete a sale free from fraud. *Shaul* v. *Harrington,* 54 Ark. 305; *Lynch* v. *Daggett,* 62 Ark. 592; *White* v. *McCracken,* 60 Ark. 613.

It is also contended that the court erred in refusing to permit witness J. L. Breathwit to state what his intention was in executing the bill of sale. Such testimony was inadmissible, and was properly excluded. The court had already permitted the witness to state that appellees demanded the conveyance as security for their debt, and that he executed the same only as security. It was incompetent for him to state what his intentions were in the transaction.

Affirmed.