HODGES BROTHERS *v.* BANK OF COVE.

Opinion delivered June 14, 1915.

1.. SALES—DELIVERY—INTENTION—COMPLETED SALE.—In a sale of chattels, delivery is a question of intention of the parties, as manifested by overt acts, and a sale will be treated as completed where any act has been done which was intended by the parties as a delivery.

2. SALES—SALE OF TIES—EXECUTORY CONTRACT—OPPORTUNITY TO INSPECT TITLE.—Under a written contract to purchase ties, the purchaser was given the right to inspect same before acceptance, and the sale was not complete until the ties passed the inspection, and it was a question for the jury, whether there was such an inspection as would pass title.

Appeal from Polk Circuit Court; *Jefferson T. Cowling,* Judge; affirmed.

*Thos. W. Clark* and *J. I. Alley,* for appellant.

1. Where a contract is unambiguous it is the duty of the court to construe it and declare its meaning and effect, and not the province of the jury. 171 S. W. 140; 67 Ark. 553; 2 Parsons on Cont. (8 ed.), 492, 610; Clark on Cont. (Hornbook Series), p. 564; 81 Ark. 337.

2. The delivery to appellants was complete and passed the title. 102 Ark. 344; 19 *Id.* 573; 31 *Id.* 155; 37 *Id.* 483; 54 *Id.* 305; 90 *Id.* 131; 91 *Id.* 240; 62 *Id.* 592; 68 *Id.* 307; 63 *Id.* 232; 35 *Id.* 304. The peremptory instruction should have been given as requested by appellants. There was nothing to submit to the jury. Constructive delivery was complete.

*Elmer J. Lundy,* for appellee.

1. The title to the ties did not pass until they were loaded and inspected. The court properly instructed the jury. 81 Ark. 337; 89 *Id.* 368, 374; 102 *Id.* 344; 72 *Id.* 141; 91 Ark. 240; 102 *Id.* 88-91; 106 *Id.* 482; 107 *Id.* 224. The question as to the intention of the parties is for the jury. There was not even constructive delivery under the contract. Cases, *supra.*

McCULLOCH, C. J. Appellee sued one Coleman for debt due on open account and caused a lot of railroad ties to be seized under an order of general attachment. Ap-

pellants filed an interplea, claiming title to the attached property under purchase from Coleman, and this is an appeal from a judgment against them condemning the property for sale under the attachment.

Coleman was engaged in the business of manufacturing and selling railroad ties, and on January 27, 1913, entered into a written contract with appellants whereby he agreed to sell and deliver to them all of his output of ties during the year 1913. The agreement was that he was to sell all the ties he manufactured to appellants at certain prices stipulated in the writing, the same to be delivered on board cars on the tracks of the Kansas City Southern Railroad Company between Mena and De Queen, Arkansas. The contract contained the following clause:

"We agree to advance 90 per cent on all No. 1 ties on railroad sidings convenient for loading, upon receipt of report signed by you, or, on return from a trip over said territory for the purpose of checking and branding said ties the remaining 10 per cent due when ties are loaded. You to load ties promptly on arrival of inspector. We are not to accept less than even car loads of ties at any station on final settlement. All ties bought of you in future on above territory are to be branded "J. H." connected, which shall be recognized as our brand. We agree to give thirty days' notice, if we decide to discontinue buying 7x9x8 ties, taking all you have ready to load at expiration of thirty days."

One of the appellants testified orally, giving an account in detail of the transaction, and stating that the ties were, under the contract, to be inspected by an inspector of the railroad company when ready for delivery, and that the settlement was to be made according to that inspection. He testified also that these particular ties were accepted by appellants and that he (witness) went over the road and branded the ties and spotted them and gave a check for the amount due under the contract. The ties were not, however, according to the evidence,

inspected by the railroad inspector and loaded on the cars.

Appellants insisted in the trial below that they were entitled to a peremptory instruction, which was by the court refused, and they excepted to the instructions given by the court solely on the ground that there was no issue to submit to the jury. The only question, therefore, presented on this appeal is whether or not there is sufficient evidence to support the verdict in appellee's favor—in other words, whether the evidence concerning delivery of the ties to appellants so as to pass the title to them was conflicting, for there is no other issue in the case. There was no actual, manual delivery, but it is contended that the constructive delivery was complete.

In the case of *Lynch* v. *Daggett,* 62 Ark. 592, this court (quoting the syllabus) held: ''A sale of specific personal property may be final and complete, where such is the intent of the parties, although something remains to be done subsequently by the seller as part of the consideration of the contract, as to deliver the property at a place named.''

In *Guion Mercantile Co.* v. *Campbell,* 91 Ark. 240, we said: ''The title to personal property will pass and the sale be complete if it is the intention of the parties to transfer the title on the one part and to accept same on the other, and in pursuance thereof a delivery is made, even though something remains to be done; as, for example, the fixing of the quantity or exact value of the property or the payment of the purchase money.''

(1) It has been uniformly ruled by this court that delivery is a question of intention of the parties, as manifested by overt acts, and that a sale of chattels will be treated as complete where any act has been done which was intended by the parties as a delivery. *Shaul* v. *Harrington,* 54 Ark. 305; *Elgin* v. *Barker,* 106 Ark. 482.

In the case of *Deutsch* v. *Dunham,* 72 Ark. 141, there was a written contract for the sale of lumber to be manufactured, and the contract contained a stipulation that it was to be delivered at a certain place and inspected. The

court held that there being no delivery the sale was not complete so as to justify the purchaser under the contract to maintain replevin for possession of the lumber. In the opinion it was said: "The contract being executory, it is clear that appellant could not be compelled to accept the lumber until he had an opportunity to inspect it in order to ascertain whether it was such as appellees stipulated to saw. * * * It is equally clear that the inspection was necessary in this case to ascertain the grades of the lumber, in order to determine the amount to be paid according to the stipulated prices. Both parties were interested in, and protected by, the stipulation that an inspection should be made. Hence, it was required, and, on account of the purposes for which it was evidently to be made, became a condition to be performed before the title to the lumber vested in appellant, and a complete sale to him was made. * * * There was no delivery of the lumber to appellant, actual or constructive. The transfer of the title to the property depended upon the intention of the parties."

And again, in the case of *Summit Lumber Co.* v. *Sheppard,* 102 Ark. 88, we held (quoting from the syllabus) that "where a contract of sale leaves something to be done as between the vendor and vendee, as to ascertain the amount, quantity or price, before the title shall pass, the sale would not be complete; but if the title actually passed, the sale is binding, though something remains to be done to determine the total quantity of the property sold or the total price thereof."

(2) There was an issue of fact in this case to be submitted to the jury for the determination of the question whether the title to the railroad ties passed to appellants under their executory contract of purchase entered into with Coleman, and there was sufficient evidence to sustain the verdict of the jury in favor of appellee on that issue. The contract is to some extent ambiguous in that it does not show clearly who is to make the inspection. It does provide, however, that a part of the purchase price was to be reserved until the ties should be inspected

and loaded on the car, and the oral testimony adduced by appellants themselves shows that the inspection was to be made by the railroad inspector and that the ties were to be paid for according to his inspection.

The clause of the contract stipulating that appellants were not to accept less than "even car loads of the ties at any station on final settlement" shows that there was to be no final acceptance until the ties were loaded on the cars. At any rate, appellants treated the contract as ambiguous and offered oral testimony which was accepted, and which, together with the written contract, shows that there was to be no completed sale until final acceptance when the ties passed the inspection of the railroad inspector and were loaded on the cars. This brings the case squarely within the decision of this court in *Deutsch* v. *Dunham, supra.* One of the appellants testified, it is true, that he accepted the ties before they were loaded, and paid for them and marked them, but upon the whole there was sufficient evidence to go to the jury for determination of the question whether there was such an acceptance as would pass the title under the contract. That issue was settled by the jury upon legally sufficient evidence, and the judgment is therefore affirmed.