SCOGGIN *v.* CITY OF MORRILTON.

Opinion delivered June 26, 1916.

1. SALES—DEFINITION.—A sale is a contract for the transfer of property from one person to another for a valuable consideration.
2. SALES—PROOF OF.—A sale may be proved by circumstances as well as by affirmative evidence; but the circumstances must warrant the inference that there was a seller and a purchaser, a thing to be sold, and compensation in some form passing from the purchaser to the seller.
3. LIQUOR—ILLEGAL SALE—INSUFFICIENT PROOF.—Under an indictment charging the illegal sale of liquor, the evidence held insufficient to show that any sale had been made by the defendant.

Appeal from Conway Circuit Court; *A. B. Priddy,* Judge; reversed.

*J. A. Eades,* for appellant.

1. There is not one word of testimony to sustain the verdict. Appellant was charged with *selling*—not buying—whiskey, and there is no testimony that he sold any. This court never adopted the *scintilla* rule; there must be a preponderance. 118 Ark. 352. There was no "sale." 23 Cyc. 284. The verdict should have been set aside. 106 S. W. 1125; *Ib.* 23; 207 Mo. 619.

2. The jury disregarded the court's instructions. 18 Pick. (Mass.), 13; 54 Ia. 628. The verdict is wholly unwarranted by the evidence. 20 Ark. 454; 21 *Id.* 302; 7 *Id.* 435; 29 Cyc. 832; 65 Ark. 279; 56 S. E. 292. When clearly against the weight of the evidence, the verdict should be set aside. 47 Ark. 567; 94 *Id.* 568. Or where the evidence is not legally sufficient to sustain it. 94 Ark. 569; 98 *Id.* 336; 20 *Id.* 225.

3. Defendant was not tried under "the blind tiger" act. Kirby's Dig., § 5140, but under section 5093, as amended. Acts 1911, § 100, p. 64; 110 Ark. 47.

*Edward Gordon,* for appellee.

1.   No objections were made, nor exceptions saved, to the instructions or evidence.  79 Ark. 470.  The only question is, therefore, does the evidence support the verdict?   The verdict is conclusive.   103 Ark. 4; 95 *Id.* 321; 104 *Id.* 162; 95 *Id.* 172; 100 *Id.* 330; 103 *Id.* 260; 92 *Id.* 120.

2.   The evidence shows that appellant was either a "bootlegger" or a "silo."   94 Ark. 94.   In less than three months appellant purchased $171.75 worth of booze, and started an egg and hide house in a dark alley. "Guilty."

Wood, J.   Upon an affidavit charging him with the unlawful sale of intoxicating liquor in the city of Morrilton on or about November 15, 1915, appellant was convicted and he appeals to this court.

The only question for our consideration is whether the evidence is sufficient to sustain the verdict.

Giving the evidence its strongest probative force in favor of the appellee, it shows that appellant left at the express office in the city of Morrilton, Arkansas, a key to an old house that opened into a back alley, and instructed a delivery man of the express company to deliver packages for appellant at this old house. The old house was a place where Carl Meyer kept eggs and hides. It was very dark of nights in the alley on which this old house was located.  It was shown that between the 7th of October and the 29th of December, appellant had bought money orders payable to Sandefur, Julian & Co. and Lasker Bros., liquor dealers of Little Rock, amounting to $171.75.  It was proved that a large quantity of empty cartons was found in the old house.  The delivery man took two packages in one day to this house.  Each package contained pint bottles of whiskey.  The second package was captured by the city marshal and it contained twenty-four pints of whiskey.  The second package was not shipped in appellant's name, but in the name of McBurke.  McBurke testified that the whiskey in the second package belonged to him and he introduced an express bill which contained his name.  The express bill,

however, did not show the destination of the package. McBurke, who testified that the whiskey belonged to him, did not make affidavit to that effect before the mayor, and permitted the whiskey to be destroyed without claiming it. He testified that was the only express bill or receipt that he had ever seen although he had ordered whiskey a number of times.

It devolved on the State to prove appellant guilty beyond a reasonable doubt. Every presumption is in favor of innocence, and the proof necessary to establish guilt can not be supplied by mere inference from facts that do not necessarily imply guilt. The evidence is not legally sufficient to prove that appellant made a sale of liquor to any one. "A sale is a contract for the transfer of property from one person to another for a valuable consideration." 7 Words & Phrases, "Sale," p. 6291-92. "To constitute a sale of liquor in violation of the law there must be the assent of two parties. There must be a vendor and vendee. But no words need be proved to have been spoken. A sale may be inferred from the acts of the parties, and no disguise which the parties may attempt to throw over the transaction, with a view of evading the law, can avail them if in fact such sale is found to have taken place." *Commonwealth* v. *Thayer,* 49 Mass. (8 Met.) 525-26. See also *Cunningham* v. *State,* 31 S. E. 585-86, 105 Ga. 676.

A sale may be proved by circumstances as well as by affirmative evidence. But where it is sought to prove a sale by circumstances, they must warrant the inference that there was a seller and a purchaser, a thing to be sold and compensation in some form from the purchaser to the seller for the article sold. The most that can be said of the evidence here is that it was sufficient to arouse a strong suspicion that appellant was making illegal sales of liquor, but suspicion is not proof and can not take its place. The evidence falls short of that substantial proof necessary to convict.

The judgment is therefore reversed and the cause is remanded for a new trial.