SCOGGIN *v.* CITY OF MORRILTON.

Opinion delivered January 22, 1917.

LIQUOR—ILLEGAL SALE—SUFFICIENCY OF THE EVIDENCE.—The evidence held sufficient to warrant a conviction for the crime of selling whiskey illegally.

Appeal from Conway Circuit Court; *A. B. Priddy,* Judge; affirmed.

*J. Allen Eades,* for appellant.

1. This is the second appeal in this case. 124 Ark. 585. Our contention again is that the evidence is not sufficient to sustain the verdict. The law also was not properly declared. 20 Ark. 454; 7 *Id.* 435; 65 *Id.* 279; 29 Cyc. 832; 56 N. E. 292; 47 Ark. 567; 94 *Id.* 568; 118 *Id.* 352; 218 U. S. 245; 134 Pac. 77. The ordinance is void, being inconsistent with the law, Kirby's Digest, §§ 5093-4.

*Edward Gordon,* for appellee.

1. No exceptions were saved to the instructions. 104 Ark. 255; 91 *Id.* 43; 89 *Id.* 24; 78 *Id.* 490.

2. The evidence is sufficient to sustain the verdict. 103 Ark. 4; 104 *Id.* 162; 100 *Id.* 330; 103 *Id.* 260; 92 *Id.* 120.

SMITH, J. This is the second appeal of this case, a former conviction having been reversed by us because of the insufficiency of the evidence to sustain the verdict of the jury. *Scoggin* v. *City of Morrilton*, 124 Ark. 585. The opinion in that case sets out the evidence which we then held insufficient to sustain the conviction. Upon the remand of the cause the same evidence was offered at the second trial, but, in addition, the city offered the testimony of one Tarry Webb. This witness testified that he loaned one Gene West fifty cents with which to buy a pint of whisky from appellant, and that West bought the whisky from appellant in his presence, and that he and West drank the whisky.

It is conceded that this testimony, if true, is legally sufficient to support the conviction; but it is earnestly insisted that the circumstances attending its introduction are such that the jury should not have credited it and that it should be disregarded by us, and that if this is done nothing remains except the testimony which we have already held insufficient. Various circumstances are called to our attention which tend to discredit the testimony of this witness and it is said that the witness was induced so to testify by the marshal of the city of Morrilton under the expectation, if not under the agreement, that such testimony, when so given, would secure to the witness immunity from prosecution upon a similar charge pending against him. It is denied, however, that there was any such agreement on the part of the marshal or expectation on the part of the witness.

These are all questions of fact which address themselves peculiarly to the consideration of the jury. The witness testified in the presence of the jurors and they heard and have considered the evidence which tended to impeach him. There is no question about the competency of this testimony, and as it is legally sufficient to sustain the verdict we must affirm the judgment of the court pronounced upon the verdict of the jury finding appellant guilty of the offense charged. It is so ordered.