HOLMES *v.* STATE.

Opinion delivered February 4, 1918.

LIQUOR—ILLEGAL SALE—ACTS OF DEFENDANT—SUFFICIENCY OF PROOF.—
In order to convict a defendant who owned a part interest in certain liquor, of an illegal sale thereof, the State must show that the defendant had some interest in the sale, and *held*, under the proof in this case, such facts were not shown.

Appeal from Ouachita Circuit Court; *C. W. Smith,* Judge; reversed.

*Thos. W. Hardy,* for appellant.

1.   The evidence is not legally sufficient to sustain the verdict.   There is no evidence that appellant sold any whiskey, or that he was interested in the sale of any. 23 Cyc. 284; 124 Ark. 585; 67 Ark. 163.

2.   It is the duty of the court to set aside the verdict when it is against the weight of the evidence, and not warranted by the evidence.   98 Ark. 336; 65 *Id.* 279; 106 S. W. 1125; 29 Cyc. 832.

*John D. Arbuckle,* Attorney General and *T. W. Campbell,* Assistant, for appellee.

Set forth all the evidence in the case and submit it to the court to determine whether the proof is sufficient.

HUMPHREYS, J.   Appellant was indicted, tried and convicted in the Ouachita circuit court of the crime of selling whiskey, and his punishment fixed at one year in the State penitentiary.   Proper steps were taken and an appeal has been prosecuted to this court.

The question presented by the appeal is whether the evidence is sufficient to sustain the verdict.

In determining this question, the strongest probative force must be given the evidence in favor of the verdict. Interpreting the evidence in its strongest aspect, it disclosed that the appellant was a joint owner in liquors sold, without his knowledge and consent, by Buddie Robinson, his copartner in the liquors, who appropriated the entire proceeds of the sale.   The facts and circumstances attending the transaction are as follows:

Prior to the passage of Act 13, Acts of Arkansas, 1917, appellant and Buddie Robinson ordered from Monroe, La., 12 quarts of liquor.   It was shipped in the name of Buddie Robinson.   It came in a box in pint bottles and was opened and kept in the shop where Buddie Robinson worked.   During that time four or five pints were used

by them. A boy by the name of Roebuck found out where
the whiskey was and they carried it in a valise to Mary
Jane Johnson's room. This occurred in the afternoon.
About seven o'clock that evening they went back to the
girl's house and got two or three drinks, then returned to
town. Appellant decided to go back to the house on
account of being under the influence of liquor and went to
sleep across the girl's bed. While Buddie Robinson was
talking to Smeadham Cooper on the street, Dave Poin-
dexter approached them to ascertain whether they knew
where he could get some liquor. Buddie Robinson went
out with them in an automobile to the Johnson girl's
house. Dave Poindexter gave Buddie Robinson $6 and
he went into the house and remained quite a while. Fear-
ing that he had escaped with the money, Poindexter
knocked on the door and Buddie Robinson came out with
four pints of whiskey. When Buddie Robinson went in,
he found appellant in a drunken stupor on the bed and
could not arouse him. He then went to the grip and got
the liquor and took it out to Dave Poindexter. The record
fails to show that either of these parties had sold any
liquor prior to this time.

The indictment charged as follows: "The said de-
fendant, on the 16th day of April, 1917, in Ouachita
County, Arkansas, did unlawfully and feloniously sell and
was interested in the unlawful and felonious sale of
whiskey."

It was not only necessary to establish a sale under
the indictment, but it devolved upon the State to connect
appellant with it. It was incumbent upon the State to
show that appellant had some interest in the sale. *Bobo*
v. *State,* 105 Ark. 462. A conviction cannot be riveted
upon a defendant in a charge of this character by facts
and circumstances that do not necessarily imply guilt.
The facts and circumstances detailed in the record are
strong enough to raise a suspicion or conjecture that
appellant was interested in the sale, but are not of the
requisite, substantial character necessary to support a

verdict of guilty.  *State* v. *Bach Liquor Co.,* 67 Ark. 163; *Scoggin* v. *City of Morrilton,* 124 Ark. 585.

For this reason, the judgment must be reversed and the cause remanded for a new trial.