DEWBERRY-HARGETT COMPANY *v.* ARKANSAS STATE BANK.

## Opinion delivered May 12, 1924.

1. CARRIERS—ASSIGNMENT OF BILL OF LADING.—Assignment of a nonnegotiable bill of lading vests in the assignee such interest only as the assignor had.

2. CARRIERS—ASSIGNMENT OF BILL OF LADING.—The effectiveness of the assignment of a nonnegotiable bill of lading to pass title depends entirely upon the intent of the parties.

3. SALES—OPEN SHIPMENT—PRESUMPTION.—Though an open shipment raises a presumption of intent to deliver the commodity and to pass title immediately to the consignee, such presumption may be overcome by proof of a contrary intent.

4. CARRIERS—EFFECT OF ASSIGNMENT OF BILL OF LADING.—Where the seller of two carloads of lumber before shipment arranged for assignment of the bills of lading to a bank, and the buyer, before accepting the lumber, was notified of such assignment, the buyer became a purchaser from the bank and bound to pay the contract price for it.

5. CARRIERS—ASSIGNMENT OF BILL OF LADING—PARTIES.—In an action by the assignees of nonnegotiable bills of lading covering shipments of lumber to recover the price for same from the consignee, the consignor was not a necessary party, under Crawford & Moses' Dig., § 1090.

Appeal from Miller Circuit Court; *James H. Mc-Collum,* Judge; affirmed.

*Arnold & Arnold,* for appellant.

The case should have been dismissed below on account of defect of parties, the assignor of the account sued on herein not being joined as a party. C. & M. Dig. 1090; 80 Ark. 167; 47 Ark. 541. The bills of lading in question were not negotiable or assignable. Although it has been said that "shipper's order" or "order notify" bills of lading are negotiable, nothing more is meant by this than that the transfer of such bills passes only such right and title as the transferer had to the goods therein described. See 99 Ala. 130; 57 Ga. 410; 62 Ala. 537; 86 Ky. 176; 115 Mass. 224; 6 Mo. App. 76; 9 Daly (N. Y.) 275; 160 S. W. 403; 79 S. W. (Tex.) 1094. In the cases at 105 A. S. R. 321, 99 Md. 661, and 101 Pac. 877; 63 Wash. 302, it was held that a bill of lading which stated

that it was not negotiable or assignable was in effect a receipt for the goods, and a contract between the shipper and the carrier that it should be neither negotiated or assigned, and a delivery of the bill of lading without indorsement, together with the invoice properly assigned, passed no title or right to the goods. This principle applies with equal force under statutes which declare bills of lading negotiable unless plainly marked non-negotiable, as does our law. 102 Md. 573; 102 Minn. 147, 112 N. W. 1030. Even had this been a suit to recover the lumber, appellee would have no interest therein, because the title passed to appellant before the bank became interested. 53 Ark. 196, and cases cited; 128 Ark. 121, and cases cited; 38 Ark. 614. The failure to send the bills of lading was no obstacle to the delivery of the goods to appellee. 115 Ark. 14; 79 Ark. 456; 64 Ark. 169. Had the bills of lading been issued to shipper's order, the carrier would have been liable. 77 Ark. 482, 113 A. S. R. 160, 207 U. S. 270; 89 Ark. 342; 112 Ark. 110.

*M. E. Sanderson*, for appellee.

The defective statement of the cause of action could only be questioned by motion to make the complaint more definite and certain. 87 Ark. 136. The answer of appellant was a specific denial of any right or interest in said lumber on the part of appellee. This was *prima facie* evidence of the conversion of such property by appellant. 63 Ark. 268. As to what constitutes a conversion, see 34 Ark. 421. Where testimony is introduced without objection upon an issue not specifically raised by the pleadings, the court should treat them as amended, or may permit an amendment to be made. 43 Ark. 451; 62 Ark. 262; 65 Ark. 422; 84 Ark. 37; 85 Ark. 217; 88 Ark. 181. The delivery of the bills of lading to the bank transferred the lumber which they represented. 115 Mass. 219; 4 N. Y. 497. The bill of lading was assignable by delivery, and, notwithstanding the fact that it was stamped not negotiable, represented the goods which had been shipped, and transferred the goods. 107 Mass. 129;

11 R. I. 278; 101 U. S. 557; 64 Ark. 244; 100 Am. Dec. 363. When bills of lading are attached to drafts, the title to the property passes with the draft, and the purchaser of the draft has a special ownership which he may assert against every one. 79 Ark. 353.

HUMPHREYS, J. Appellee instituted suit against appellant in the circuit court of Miller County to recover $440.22, the contract price of two cars of lumber, one of said cars having been shipped from Ashdown and the other from Arkinda by C. T. Brewer to appellant, on the 27th and 29th days of November, 1922, on bills of lading, which, together with the invoices of the lumber, were assigned and delivered on said respective dates to appellees by said Brewer, for a valuable consideration.

Appellant interposed the defenses, first, that the invoices and bills of lading were not negotiable, and for that reason vested no interest to the lumber in appellee; second, that, under and by virtue of an oral contract between C. T. Brewer and appellant, the title to the lumber passed to it upon the delivery thereof to the St. Louis-San Francisco Railway Company and the issuance of the bills of lading by it and delivery of them to the consignor; and third, that there is a defect of parties.

The cause was submitted to the jury upon the pleadings, testimony adduced by the respective parties; and the instructions of the court, which resulted in a verdict and consequent judgment in favor of appellee, from which is this appeal.

The facts are in substance as follows: Appellant and C. T. Brewer entered into a verbal contract whereby appellant was to exchange a certain Paige car, valued at $1,000, for dimension hardwood lumber at $12.50 per thousand, and to buy three cars of oak lumber at $20 per thousand, which should not be paid for until all the lumber had been delivered. C. T. Brewer inquired of appellee whether it would purchase bills of lading evidencing consignments of lumber to appellant. After investigating appellant's financial condition, it agreed to do so. On November 27 and 29 thereafter Brewer con-

signed two cars of lumber to appellant, and received therefor bills of lading with the words "Non-Negotiable" plainly printed on the face of each. These bills of lading with the invoices attached were sold, assigned, and delivered to appellee on the dates of their issuance. J. W. Waters, president of appellee bank, testified that drafts for the contract price of the lumber were attached to the bills of lading and invoices and inclosed in letters of advice, which were mailed in registered letters directly to appellant. Dan Dewberry, president of appellant company, admitted receiving the letters containing the original bills of lading and invoices, but denied receiving the drafts. The next day Brewer appeared in appellant's office in Texarkana, and was questioned about the letters of advice, invoices, and bills of. lading received from appellee, and he informed it that this was his method of doing business, and to pay no attention to the letters from appellee. When the lumber arrived, it was unloaded and stacked in the yards of the Consolidated Lumber Company on the Texas side. No response was made to appellee's letters by appellant until after the lumber had been received and stacked, and until it received a second communication from appellee demanding payment for the lumber. It then informed appellee of the verbal contract it had entered into with Brewer, and refused to pay for the lumber, under the claim that it was not to pay cash to Brewer for any lumber until he delivered all the lumber which he had agreed to deliver in exchange for the Paige car. This suit was then instituted, with the result indicated above.

Appellant contends for a reversal of the judgment upon the theory that the title to the lumber passed to it when Brewer delivered same to the St. Louis & San Francisco Railway Company and accepted a nonnegotiable bill of lading therefor. Under the terms of §§ 791 and 792 of Crawford & Moses' Digest, bills of lading are nonnegotiable if the words "Not Negotiable" are plainly written or stamped on the face thereof. The bills of lading in question had said words plainly printed on the face

of each.   The assignment therefore for value of said bills of lading only vested in appellee, the purchaser, such interest in the property as Brewer had when he assigned and delivered them.  His interest at the time must have depended on his intention when he delivered the lumber to the carrier.   An effective delivery so as to pass the title is dependent entirely upon the intention of the parties to the transaction.   *Russell* v. *Haltom,* 76 Ark. 105; *Hodges Bros.* v. *Bank of Cove,* 119 Ark. 215; *Vance* v. *Bell,* 153 Ark. 229.   Appellant argues that, because this was an open shipment, the title to the lumber immediately passed to appellant, the consignee.   Presumptively such a shipment would evidence an intention to deliver the commodity to the consignee and thereby immediately pass the title to him, but such a presumption may be overcome by proof showing a contrary intention. In the case at bar, before loading the cars, Brewer arranged with appellant to handle the shipment by assigning the bills of lading to it, with invoices attached, for the purpose of burdening the shipment with the contract price of the lumber.   In other words, the assignment of the bills of lading, which were muniments of title, to appellee by Brewer manifested an intention on his part to make a conditional delivery only of the lumber to appellant, the condition being that it might acquire title to the property upon the payment of the contract price to appellee.   The special interest of appellee in the lumber acquired by the assignment of the bills of lading with invoices attached was communicated at once to appellant, and it accepted the lumber when it reached Texarkana with full knowledge that appellee had purchased an interest therein.   By virtue of the acceptance with this knowledge, appellant became a purchaser directly from appellee, and is bound to pay the contract price therefor.   Under this view of the law the court submitted the case to the jury on a correct declaration of law.

Appellant also insists upon a reversal of the judgment upon the alleged ground that there is a defect of parties.   It is argued that this is a suit upon an unassign-

able open account, and for that reason it was necessary for appellee to make its assignor, C. T. Brewer, a party. This would be true if appellee had purchased an open account against appellant from Brewer. Section 1090, Crawford & Moses' Digest; *St. L. I. M. & S. R. Co.* v. *Camden Bank*, 47 Ark. 541; *Jett* v. *Theo. Maxfield Co.*, 80 Ark. 167. While the bills of lading in the instant case are nonnegotiable in the sense of the law merchant, they represented the property, and, when assigned and delivered to appellee with intent to transfer an interest in the property to it, that purpose was accomplished. Being assignable for that purpose, it was unnecessary to join Brewer as a party.

No error appearing, the judgment is affirmed.