Liveoak *v.* Hopper.

Opinion delivered December 13, 1926.

1. SALES—TITLE ACQUIRED.—Where a chattel is sold by the owner to two persons, he who first lawfully acquires the possession will hold it against the other.

2. SALES—DELIVERY.—Delivery of a thing sold is a question of intention of the parties, as manifested by overt acts.

3. SALES—DELIVERY.—A sale of chattels will be treated as complete where any act has been done which was intended by the parties as a delivery.

4. SALES—CONSTRUCTIVE DELIVERY.—Where the buyer and seller of an automobile went to a garage and notified the keeper that a sale had been made to the buyer and the keeper agreed to hold it for him, *held* that an actual delivery was effected, which was good as against a subsequent purchaser.

5. SALE—POSSESSION OF THIRD PERSON.—Where a chattel at the time of sale was in the possession of a third person, who agreed to keep it for the buyer, his possession thereafter became the possession of the buyer.

Appeal from Montgomery Circuit Court; *Earl Witt,* Judge; affirmed.

STATEMENT OF FACTS.

F. C. Liveoak recovered judgment before a justice of the peace against John F. Hopper for the possession of a Ford touring car. Hopper appealed to the circuit court, and the case was tried anew there.

According to the testimony of F. C. Liveoak, the plaintiff, C. H. Shields, owed him a board bill of approximately $167. Shields sold him the Ford touring car in question in payment of his board bill, and gave him a written bill of sale for the car, on the 20th day of January, 1925.

John F. Hopper, the defendant, was a witness for himself. According to his testimony, he purchased the car from C. H. Shields for $110 on the 19th day of January, 1925. Shields owed Hopper $70, and he advanced him $40 in addition. On the same day the parties went to the garage of W. C. Barton, where the car was stored for the purpose of being repaired, and Barton and Shields showed Hopper where the car was. The car had a tire off, so that it could not be used. Hopper said, "Now, Mr. Barton, this Shields car is my car. Don't you let it go out of here without my permission in any way. I am responsible for the garage fees." Mr. Barton replied, "All right."

W. C. Barton was also a witness for the defendant. According to his testimony, John F. Hopper and C. H. Shields came to his garage on the 19th day of January, 1925. Hopper said, "Mr. Barton, I have bought this car from Mr. Shields. I haven't got any place to put it, and I would just like to leave it here." Hopper further stated that he would be responsible for the garage bill. After making the statement, Hopper turned around to Shields and said, "That is right?" Shields replied, "Yes sir."

Again, the witness stated that Hopper said that he had bought the car and that it was his. He asked the witness to keep the car there in the garage, and the witness agreed to do so.

Allen Tolleson was present and corroborated Barton as to what was said and done in the garage.

The court instructed a verdict for the defendant, and from the judgment rendered in his favor the plaintiff has duly prosecuted an appeal to this court.

*C. H. Herndon,* for appellant.

*Isaac L. Awtrey,* for appellee.

HART, J., (after stating the facts). It is earnestly insisted by counsel for the plaintiff that the circuit court erred in directing a verdict in favor of the defendant.

It is a well settled rule of law that, when the same chattel is sold to two persons, he who first lawfully acquires the possession will hold it against the other. The plaintiff claims under the bill of sale executed to him by Shields on the 20th day of January, 1925, and the defendant claims under a verbal purchase from Shields on the preceding day. It has been uniformly held by this court that delivery is a question of intention of the parties, as manifested by overt acts, and that a sale of chattels will be treated as complete where any act has been done which was intended by the parties as a delivery. *Elgin* v. *Barker,* 106 Ark. 482, 153 S. W. 598; *Hodges Bros.* v. *Bank of Cove,* 119 Ark. 215, 177 S. W. 925; and *Nance* v. *Bell,* 153 Ark. 229, 240 S. W. 8.

In the case at bar it was established by the testimony of the defendant and by that of two disinterested witnesses that the Ford car, which was in the garage of one of the witnesses, was turned over by Shields to the defendant, and that the owner of the garage agreed to hold the car for the defendant and to charge the repairs on it to him. This constituted an actual delivery of the car. It was the only delivery of the car which could be made under the circumstances. The delivery was made and sale consummated on the 19th day of January, 1925, which was the day before that on which the plaintiff

claimed to have purchased the car. Thus it will be seen that the undisputed facts show that the defendant bought the car and acquired the open and exclusive possession of it before the plaintiff claims to have acquired any title to it.

Again, the general rule is that, where the property, at the time of the sale, is in the possession of a third person, and he is notified of the sale, and agrees to keep it for the vendee, his possession henceforth becomes the possession of the vendee. 35 Cyc. 193.

In *Field* v. *Simco,* 7 Ark. 269, there was a complete oral contract of sale of chattels in the hands of a bailee who was notified of the sale. The property was seized by a creditor of the seller after the notice to the bailee but before there was any attempt by the purchaser to remove it. It was held that the bailee's possession became that of the purchaser, and satisfied the law as against the creditor.

It follows that the judgment must be affirmed.