## FIRST NAT. BANK OF TERRELL v. HENSLEE. (No. 3655.)

Court of Civil Appeals of Texas. Texarkana.
May 9, 1929.

J. P. Coon, of Terrell, for appellant.
L. A. Clark and B. M. McMahan, both of Greenville, for appellee.

HODGES, J. The appellee filed this suit against the appellant to recover the sum of $840, alleged to be the value of nine mules and four cultivators which were seized under a writ of attachment sued out by the appellant. The facts show that Mrs. C. C. Perrin was the former owner of this property. She was indebted to both the appellee and the appellant. On November 13, 1927, she sold the mules and cultivators to the appellee, in consideration of the cancellation of a debt of $526.12. The mules and cultivators were on the farm of Mrs. Perrin, and in charge of a tenant. After the terms of the sale had been agreed to on the date mentioned above she directed the tenant to collect the stock and cultivators and deliver them to the appellee when he called for them later. On November 14, the day following that transaction, the property was seized by an officer under a

writ of attachment sued out by the appellant against Mrs. Perrin. The property was never returned to the appellee or to Mrs. Perrin. The record indicated that it was disposed of in some manner under the attachment proceedings. In the trial below judgment was rendered in favor of the appellee for the sum of $561.60 as the value of the mules and cultivators. The seizure of the property under the writ of attachment is defended upon the ground that no delivery had been made at the time the writ was levied, and the title to the property had not passed from Mrs. Perrin to the appellee.

The appellee testified, in substance, as follows: Mrs. Perrin owed him a debt of $526.12. On November 13, 1927, he went with her to her farm near Quinlan, in the south part of Hunt county, for the purpose of looking at some mules and farming implements she owned. After inspecting the property they agreed upon a trade whereby she was to sell him the mules and cultivators in consideration of the cancellation of the debt. Mrs. Perrin told the man in charge of the property, McCracken, that she had traded with the appellee, and for him to turn the property over to the latter when he called for it. Appellee then made arrangements with Mc-Cracken to get the property together so that he could get it on the following Tuesday, the 15th of November. When he sent for the property it had been levied on by the writ of attachment. He also testified that on his return home on Sunday, the 13th, he calculated the interest due on his note, and early on the following Monday morning delivered the note, canceled, to Mrs. Perrin.

In that state of the evidence we think the court correctly concluded that a delivery sufficient to pass title had been made before the writ was levied. The property had been identified, the consideration agreed upon and paid, and Mrs. Perrin had parted with all control over the property. McCracken thereafter held it for the appellee, the purchaser, and not for Mrs. Perrin. That was sufficient to pass the title. Owens v. Clark, 78 Tex. 547, 15 S. W. 101; Liveoak v. Hopper, 172 Ark. 362, 288 S. W. 887; 24 R. C. L. p. 61.

The judgment is affirmed.