DAVIDSON *v.* STATE.

Opinion delivered January 27, 1930.

*Coleman & Reeder* and *Theo R. Wilson,* for appellant.

*Hal L. Norwood,* Attorney General, and *Pat Mehaffy,* Assistant, for appellee.

MEHAFFY, J. Appellant was indicted by the grand jury of Izard County for selling liquor. He was convicted, and his punishment fixed at one year in the penitentiary. The case is here on appeal. The appellant insists that the evidence does not show a sale, and that the case should be reversed for that reason. No other error is assigned.

D. O. Johnson, sheriff, testified that a report came to him that a negro, George Earnest, was drunk at Violet Hill, and he and another witness followed him to the road camp. George Earnest told them they had been wanting to catch Rom Davidson so long, he would take them to him. They put George Earnest in Mr. Harris' car, and followed him in the sheriff's car to near the defendant's home, but did not take the sheriff's car up

to the house. They walked up near to the car George Earnest was driving. Earnest got out of the car, and went into the house and came back with two jars of whiskey.

The plan was for this negro to turn on the lights of the car when he went to pay for the whiskey, and the sheriff was to get Davidson while Davidson was getting the money. They set the liquor on the running board, and turned on the lights. Earnest paid him six dollars, and was getting out two dollars when the sheriff stepped from behind the car and said: "Stick 'em up." Davidson broke one of the jars, and ran with the other one. Harris hit him, and he fell and broke the other jar. He delivered the whiskey to the negro by setting it on the fender of the car. Earnest never did get the whiskey. Davidson ran off with it.

Witness says he has the six dollars. Davidson did not keep the money or deliver the whiskey. He broke the whiskey. Witness said the money is his. He gave it to the negro to buy whiskey with. Witness did not get any whiskey, but furnished the money to buy it with; took the negro to buy whiskey, and caused the sale to be made; doesn't know what Earnest told Davidson when he went in the house that night. Four dollars was on the ground there, and he found the other two dollars where the first jar was broken, about 15 or 20 feet from the car. Defendant had both jars in his hands. George Earnest did not take any home brew there in his car. The two negroes went off somewhere. It was a dark night. Witness did not hear any of the conversation in the house, and does not know where George Earnest is now. He has been gone about two months.

Harris testified to substantially the same facts told by the sheriff.

All the evidence on the part of the State was contradicted by appellant's witnesses. The evidence of appellant's witnesses is not set out, because the only question for this court to determine is the sufficiency of the

State's evidence. We do not pass on the weight of the evidence nor the credibility of the witnesses. The verdict of a jury based on substantial evidence will not be disturbed by this court, although we might think that it was against the weight of the evidence. *Southwestern Bell Tel. Co.* v. *McAdoo,* 178 Ark. 111, 10 S. W. (2d) 503; *Arkansas Power & Light Co.* v. *Orr,* 178 Ark. 329, 11 S. W. (2d) 761; *Mo. Pac. Rd. Co.* v. *Juneau,* 178 Ark. 417, 10 S. W. (2d) 867; *Mo. Pac. Rd. Co.* v. *Edwards,* 178 Ark. 732, 14 S. W. (2d) 230; *Western Union Tel. Co.* v. *Downs,* 178 Ark. 933, 12 S. W. (2d) 887; *Hyatt* v. *Wiggins,* 178 Ark. 1085, 13 S. W. (2d) 301.

The jury having found against appellant, its verdict must stand if there is any substantial evidence to sustain it. It is earnestly insisted that there was no delivery, and therefore no sale. The sheriff testified: "Earnest got out of the car and went into the house, and came back with two jars of whiskey. They sat the liquor on the running board, and turned on the lights. He paid him six dollars."

This testimony shows that Earnest went to appellant's house, and came back to the car with two jars of whiskey. If this is true, the whiskey had already been delivered by appellant. This evidence also shows that Earnest had already paid appellant six dollars. After this was done, the appellant broke one of the jars, and ran off with the other one.

The sheriff also testified that Earnest did not take any home brew there in his car. Earnest, at the direction of the sheriff and Harris, took Harris' car, and they knew whether there was any home brew in the car, and whether Earnest had any home brew or other liquor when he went up to appellant's house.

The evidence was sufficient to submit the question to the jury as to whether there was a sale, and the court instructed the jury: "To constitute a sale there must have been an agreement on the part of the seller to sell, and, upon the part of the buyer, to buy; and there must

have been a delivery of the article sold, and there must have been something paid ffor it.''

On cross-examination, the sheriff testified that appellant delivered the whiskey to Earnest by setting it on the fender of the car. He also said that Davidson did not keep the money or deliver the whiskey. Putting the whiskey on the running board for Earnest would have been a sufficient delivery, and the fact that he returned the money and ran off with the whiskey would not affect the sale already made.

''It has been uniformly held by this court that delivery is a question of intention of the parties, as manifested by overt acts, and that a sale of chattels will be treated as complete, where any act has been done which was intended by the parties as a delivery.'' *Liveoak* v. *Hopper,* 172 Ark. 362, 288 S. W. 887; *Elgin* v. *Barker,* 106 Ark. 482, 153 S. W. 598; *Hodges Bros.* v. *Bank of Cove,* 119 Ark. 215, 177 S. W. 925; *Vance* v. *Bell,* 153 Ark. 229, 240 S. W. 8.

The jury found against the appellant, and there is substantial evidence to support the verdict, and the judgment is affirmed.