WILSON v. STATE.

4658                                          242 S. W. 2d 644

Opinion delivered October 8, 1951.

· *Wendell Utley,* for appellant.

*Ike Murry,* Attorney General, and *Robert Downie,* Assistant Attorney General, for appellee.

GRIFFIN SMITH, Chief Justice. Appellant operates the Highway Cafe several miles from Magnolia. Fines were assessed against her in Municipal Court on consolidated charges of selling liquor in dry territory and

possessing untaxed intoxicants. On appeal a Circuit Court jury found her guilty and fixed punishment at $1,000 on the liquor-selling charge, and $500 for possessing the untaxed commodity. The motion for a new trial alleges that the verdict is contrary to law, contrary to the evidence, and that the maximum fine for selling the small quantity involved shows as a matter of law that the jury was prejudiced. It is also urged that laughter by court visitors deprived the trial of due solemnity, and that error was committed in the refusal to require Sheriff Linton to name the persons whom he had heard say that the defendant's reputation was that of a bootlegger, or one engaged in the illegal sale of liquor.

In her brief appellant contends that affirmative evidence established the venue in Union County, therefore the Columbia Circuit Court was without jurisdiction. The point was not raised in the motion for a new trial and we do not take judicial notice of a county boundary at an indefinite place based on testimony such as that stressed in the brief.

There was testimony of a substantial nature showing that an officer bargained with appellant for whiskey, that a pint bottle of Cascade was brought to the officer's automobile where another agent was waiting, but that appellant undertook to withhold delivery when she became suspicious of the purchaser, who had paid four dollars for the whiskey while in the cafe. It is insisted that when the officer reached for the bottle and took it after appellant had indicated that she did not intend to consummate the transaction the sale was incomplete, therefore no crime was committed. After acquiring the liquor in the manner mentioned, the officers searched appellant's premises under authority of a warrant and found other bottled intoxicants, some of which did not have the required stamp evidencing payment of the excise tax. Of two pints and five half pints, all of the bottles were stamped except a half-pint of Early Times. The untaxed liquor was found in a cafe closet. Another half-pint (taxed) was found under a bed, together with a

partially filled half-pint bottle, while four bottles of whiskey were found in the yard.

There is nothing in the record showing that appellant's counsel was the subject of ridicule through laughter, as the motion for a new trial alleges. Conceding that the statement is true, its prejudicial nature could not be determined in the absence of a record of the incident, and this is not to be found in the bill of exceptions. Nor may we, under our rules, consider appellant's contention that reversible error occurred when the Sheriff was not required to name the persons he had heard say that the defendant's reputation was that of a bootlegger. Before the question could be answered the Judge halted the inquiry on that issue. No objection was interposed, and the complaint first appears in the motion for a new trial.

We have held that in the absence of a showing that the jury was influenced by prejudice and passion, its action in assessing a penalty the law authorizes will not be disturbed.

The final argument is that a directed verdict of acquittal should have been given when, as appellant insists, it was shown by the state's testimony that delivery of the contraband liquor was not voluntary. Milton Mozier, one of the arresting officers, testified that appellant, after receiving the four one-dollar bills in the cafe, came to the side of the car. Mozier lowered the window glass, reached for the bottle, and said, "You are under arrest." Appellant attempted to jerk away, but Mozier's hand closed around the bottle. His statement was, "She was in the process of handing [the whiskey] to me when arrested."

A sale may be proved by circumstances. This was the holding in *Scoggin* v. *City of Morrilton,* 124 Ark. 585, 187 S. W. 445. It was there said that the circumstances must warrant the inference that there was a seller and a purchaser and compensation for the thing sold. See, also, *Davidson* v. *State,* 180 Ark. 970, 23 S. W. 2d 615.

Affirmed.