## SHAUL *v.* HARRINGTON.

Decided March 14, 1891.

*Sale—Delivery—Fraud.*

> Where there is a completed contract of sale and an agreement by the vendor to hold as bailee for the vendee in lieu of actual delivery, the sale is valid against the vendor's creditors, if it is not otherwise fraudulent. *Davis, Mallory & Co.* v. *Meyer & Co.*, 47 Ark., 210, distinguished.

APPEAL from *Lee* Circuit Court.

M. T. SANDERS, Judge.

Action of trover by the State for the use of Richard Shaul against V. M. Harrington, sheriff, and his official bondsmen for property taken under writs of attachment in favor of the creditors of John Campbell.

Shaul's statement of the controversy is substantially as follows. He sold Campbell two mules and a wagon and harness on credit. He says Campbell brought the property to him, stated that he was unable to pay for them, and offered to rescind the sale and return the property. To this he agreed. Thereupon Campbell remarked to him, at the same time pointing to the property which was in their presence and only few feet distant: "There are the mules, wagon and harness, Mr. Shaul; I have brought them up here to-day for you, and you can now take them." At the same time Camp-

S C—20

bell instructed the driver of the wagon to release the property. Shaul immediately walked to his store, forty or fifty yards distant, and credited Campbell's account with the purchase price. Before Shaul had taken possession of the property Campbell proposed to rent it for a definite period of time. Shaul accepted the proposition and permitted him to take it home with him.

On the contrary, Campbell denied that he ever cancelled the sale or offered to deliver the property to plaintiff.

The court instructed the jury as follows: "The jury are instructed that a sale of personal property is not complete, and is no of avail against subsequent purchasers or attaching creditors, without an actual delivery by the vendor to the vendee; and if they find from the evidence that there was no actual delivery and visible and substantial change of possession from Campbell to plaintiff, then their verdict should be for the defendants."

From a verdict and judgment in defendant's favor plaintiff has appealed.

*James P. Brown* for appellant.

1. The testimony of Blount tended to corroborate Shaul, and should have been admitted as part of the *res gestæ*. 48 Ark., 333.

2. *Manual* delivery of wagons and mules is not necessary to make a sale complete. 19 Ark., 566. When the purchase money is paid at the time of the purchase, delivery of the property is not necessary. 8 Ark., 213. But a failure to deliver is not fraud *per se*, and is, at best, only a circumstance in proof of fraud which may be explained. Benjamin on Sales, sec. 738, note 58 (4th ed.); 7 Ark., 197; *ib.*, 269; 23 *id.*, 121; 18 *id.*, 123; 35 *id.*, 190. The case in 47 Ark., 210, is peculiar in its facts and *extreme* in its conclusions of law, but it is different from this case. See Benj. Sales, p. 643.

*E. D. Robertson* and *McCulloch & McCulloch* for appellees.

An actual delivery of chattels is essential to complete a sale thereof, as against subsequent purchasers from, or attaching creditors of, the vendor. 47 Ark., 210; 1 S. W. Rep., 707. This court has adopted the policy that an actual and visible delivery of chattels is essential to complete a sale. Cases *supra;* 32 Conn., 405; 20 *id.,* 23. The testimony failed to establish proof of delivery, and did not tend to show a delivery. 97 Am. Dec., 340, 348, and note, 345. The property in suit was capable of actual manual delivery; and when this is true, constructive or symbolical delivery is not sufficient. *Ib.* See also 76 Am. Dec., 500; 49 *id.,* 316; 9 N. H., 137; 32 Am. Dec., 341. The agreement to pay rent does not change the rule. 3 N. H., 415; 14 Am. Dec., 375. See also 2 Aiken, 115—16 Am. Dec., 686; 70 Mass., 307; 132 Mass., 233; 48 Conn., 258. The evidence of Blount was properly excluded. 48 Ark., 333. The time elapsed was not short enough to bring it within the rule of *res gestæ. Ib.*

COCKRILL, C. J.   The rule that retention of possession of personal property by the vendor raises a conclusive presumption of fraud has never prevailed in this State. This court has persistently held that continuance of possession by the vendor is in effect only a circumstance indicating fraud. *Valley Distilling Co.* v. *Atkinson,* 50 Ark., 289. The rule is frequently stated to be that, while constructive delivery is always sufficient to pass title as between vendor and vendee, nothing but actual delivery, where that is practicable, will be sufficient to pass the title as against attaching creditors. 2 Schouler, Personal Property, sec. 395; note 97 Am. Dec., 340; Bigelow on Fraud, 327–8, chap. 13, sec. 1. But, in order to make the statement of the rule of general application where the question of *fraus vel non* is one of fact for the jury, accuracy requires this addition to it, viz.: The failure to make actual delivery raises only a rebuttable presumption of fraud. *Puckett* v. *Reed,* 31 Ark., 136. If the vendor is left in possession under an executory contract to sell, the property may be seized for his debts, although

*Retention of possession by vendor as proof of fraud.*

the contract for sale was made in good faith and upon a valuable consideration. To execute the contract, something in the nature of delivery is essential. Again, when, by the contract of sale, the vendor is required, not merely to prepare the goods for removal by the vendee, but to make delivery by deposit at a designated place before the sale is complete, or when delivery is necessary to take the case out of the statute of frauds, the failure to make actual delivery prevents the passing of the title, and leaves the property subject to be seized for payment of the vendor's debts. The case of *Davis* v. *Meyer*, 47 Ark., 210, seems to embrace both of the latter features; consequently it was correct to hold that actual delivery to the first vendee was essential to give him title against a subsequent purchaser from the vendor in possession. But to hold that actual and visible possession by the vendee is essential to his title in every case where the articles sold are capable of manual delivery, would be in effect to make the continuance of possession by the vendor fraud *per se*, and so allow no exculpatory explanation by the vendee. In Twyne's case, which forms the basis of all the learning on this subject, there was no visible or manual delivery of the property, and the doctrine there established applies to cases of retained possession as distinguished from acquired possession. But in England, where the doctrine of that case is followed and where the rule, as established by later cases, is not more lenient than ours, the retention of possession is no more than a badge of fraud. Benjamin on Sales, sec. 485.

An examination of the cases will show that a legal delivery, and not a visible change of possession, is all that is demanded to protect the vendee's title.

In *Cocke* v. *Chapman*, 7 Ark., 197, a bill of sale of a slave, who had escaped from his master and was at large, was held to pass the title against an attaching creditor who caused him to be seized before the vendee acquired actual possession. The constructive delivery and possession which the law implies in such a case was considered sufficient. In

*Field* v. *Simco, ib.,* 269 there was a complete oral con-
tract of sale of chattels in the hands of a bailee who was
notified of the sale.   The property was seized by a creditor
of the vendor after the notice to the bailee but before
there was any attempt by the vendee to remove it.   It was
held that the bailee's possession became that of the vendee,
and satisfied the law as against the creditor.   The case of
*Puckett* v. *Reed,* 31 Ark., *sup.,* was also the sale of property
in the hands of a bailee, but there was no notice to or
agreement by the bailee to hold for the vendee.   A delivery
of the bailee's receipt for the chattels was held to be sym-
bolic delivery and sufficient against creditors.   The doctrine
of that case was affirmed in *Durr* v. *Hervey,* 44 Ark., 301,
where it was held that the vendor's constructive possession
of cotton in a warehouse passed to the assignee of the
warehouseman's receipt, without notice of the assignment
to the warehouseman.   It is settled too elsewhere, where
the law as to the presumption of fraud from possession is
similar to ours, that actual delivery of a part in token of
the whole is sufficient as against creditors, although the
bulk of the property remains in the actual possession of the
vendor.   *Hobbs* v. *Carr,* 127 Mass., 532.   In such a case there
is constructive and not actual delivery of that part of the
property not removed, and it remains in the ostensible pos-
session of the vendor.   The cases are numerous where the
constructive delivery of property in the hands of a bailee,
though capable of manual delivery, is held sufficient against
creditors.   The reason of · the latter ruling is sometimes
said to be because the vendor, not having actual possession,
is not held out to the world as owner by the failure to make
a visible delivery.   But the true foundation of the rule in
Twyne's case is the evidence of a secret trust for the vendor
which the retention of possession affords, and not the ficti-
tious credit supposed to be acquired by the possession of
personal property the title to which is in another.   2 Bige-
low on Fraud, 327; *Pregnall* v. *Miller,* 21 S. C., 385.   If
the latter were the test, property in the hands of a bailee

or conditional vendee would be liable for his debt or subject to legal disposition by him. But it is not. *McIntosh v. Hill*, 47 Ark., 363.

Constructive delivery being enough to satisfy the law, it is an easy transition to constitute the vendor a bailee for the vendee, and so work out a delivery. And it is held that such a delivery is sufficient against creditors. Whenever there is a completed contract of sale and an agreement by the vendor to hold as bailee for the vendee in lieu of an actual delivery, the sale is complete against creditors, if it is not otherwise fraudulent. *Little Rock & Fort Smith Ry. v. Page*, 35 Ark., 304; *Stinson v. Clark*, 6 Allen, 340; *Ingalls v. Herrick*, 108 Mass., 351; *Thorndike v. Bath*, 114 Mass., 116; *Barrett v. Goddard*, 3 Mason, 106; *Webster v. Anderson*, 42 Mich., 554: *Norwegian Plow Co. v. Hanthorn*, 37 N. W. Rep., 825; *Pregnall v. Miller*, 21 S. C., *supra.* If the vendee may leave the vendor in possession to enjoy temporarily the full fruits of ownership, as was done in Twyne's case, and yet be allowed the opportunity to maintain his title, as he may in this State, the reason is all the stronger for allowing the vendor to retain possession as bailee for the vendee's profit or benefit.

Cases *contra* are cited and relied upon by the appellee, but they are either from jurisdictions where the fact of retention of possession is conclusive of fraud, or are traceable to the authority of the case of *Lanfear v. Sumner*, 17 Mass., 110, the adherence to which in subsequent cases and the application of its doctrine to a different state of facts seem to have introduced over-nice refinements and caused some apparent, if not real, confusion in the decisions of Massachusetts and other States as to the character of the delivery that must be made to protect the vendee. The authority of that case has been fairly challenged. See 1 Parsons on Shipping, p. 84, and note; Blackburn on Sales, 327–9; *Hallgarten v. Oldham*, 135 Mass., 8. It can not control the decision of this case.

It follows that the court erred in charging the jury that the plaintiff could not recover in the absence of a showing that there was an actual and visible delivery of the property to him after his alleged purchase from Campbell. His testimony tended to show a completed purchase for a valuable consideration in good faith and without design to defraud, hinder or delay the creditors of the vendor, and the jury should have been left at liberty to accept his version of the transaction, and thereupon to return a verdict in his favor.

Reverse and remand for a new trial.