LYNCH v. DAGGETT.

Opinion delivered October 3, 1896.

SALE OF CHATTEL—WHEN COMPLETE.—A sale of specific personal property may be final and complete, where such is the intent of the parties, although something remains to be done subsequently by the seller as part of the consideration of the contract, as to deliver the property at a place named.

Appeal from Craighead Circuit Court, Jonesboro District.

WILLIAM H. CATE, Judge.

*J. C. Hawthorne*, for appellants.

1. The evidence does not show title in appellees. 47 Ark. 210; 18 So. 655.

2. A sale is not completed when the quantity of the property sold is to be ascertained. 39 Am. St. 39; 29 Tex. 204; 22 Wall. 180; Benj. on Sales, B. 2, C. 3. Appellants had no notice of the sale, and they were innocent purchasers. 127 Mass. 381; Benj. on Sales, sec. 675, and note; 57 N. H. 102; 44 Vt. 389; 49. N. Y. 35; 68 N. Y. 598.

*E. F. Brown* and *N. F. Lamb* for appellees.

BUNN, C. J. This is an action of replevin, brought by appellees against appellants for the recovery of one

thousand sawed red-oak wagon tongues, and other lum-
ber.   Judgment for plaintiffs as to the wagon tongues,
and for defendants as for the other lumber, and defend-
ants appealed.   The plaintiffs failing to take a cross-
appeal, the other lumber is no longer in the controversy.

On the 30th of January, 1893, appellees, creditors
of one Charles Lynn, the owner and operator of a steam
saw-mill located six miles from Weiner, a station on the
Cotton Belt railroad in Poinsett county, purchased of
him in settlement of their debt, as far as might be, one
thousand red-oak wagon tongues and other lumber, said
tongues being then in one pile on the yard of said saw-
mill (which contained all the wagon tongues then
owned by said Lynn), for the fixed price of $240, Lynn
agreeing to haul and deliver the same at Weiner for
appellees, the purchasers.   A bill of sale was duly
signed and delivered to appellees by Lynn on the same
day and bearing date of that day.   About the last of
September of that year, Lynn employed appellants to
haul the wagon tongues to Weiner for him, and on their
arrival there he notified appellees of the same, with the
request that they should come to Weiner and receive
them.   On the 11th of November, Lynn sold the wagon
tongues to appellants, receiving credit on an antecedent
debt he owed them.   One of appellees, after this, came
for the tongues, but they were then in possession of
appellants, who refused to give them up, and this suit
was thereupon instituted.

The contentions of appellants are:  First, that
there was never any delivery of the wagon tongues to
appellees by Lynn, and that the sale was, therefore,
never in fact completed, but that the delivery was to
have been made subsequently to the day of sale, and
was never in fact made;  second that there was no
ascertainment of the number of tongues at the time of
the sale, but that, according to its terms, that was left to

be ascertained at Weiner when they should be delivered; and finally, that the pile on the mill yard contained in fact 1,151 wagon tongues instead of 1,000, as found by actual count at Weiner.

In order to enjoy the full benefit of their contentions, appellants endeavored to show that they were innocent purchasers from Lynn. We think, however, that the testimony is against them in this effort, and shows that they were affected with the knowledge of the sale from Lynn to appellees,—if not with full knowledge, as sought to be shown, yet with knowledge to put them on the inquiry, so that they are not innocent purchasers; and the jury might well have so concluded in making up their verdict.

We think there was evidence going to show that the understanding between Lynn and appellees was to the effect that the sale was then and there final and complete, and that the hauling and delivery at Weiner was a separate contract, although they were acts that Lynn should perform as part of the consideration going from him in making the sale; and we also think that there is evidence to the effect that there was a sufficient ascertainment of the number of tongues on the day of sale to make the sale complete, and the jury in both instances were justified in finding as they did.

The court seems to have presented the case fairly to the jury in its instructions. The judgment is therefore affirmed.

BATTLE, J., absent.