CHANEY v. SUTHERLAND-INNES COMPANY.

Opinion delivered November 26, 1906.

SALE—SYMBOLICAL DELIVERY.—Where chattel property sold is ponderous, a symbolical or constructive delivery may be accepted as sufficient when such symbolical delivery is the usual delivery, the proper delivery or such as the property is capable of, and evidences the change of possession.

Appeal from Arkansas Circuit Court; *George M. Chapline,* Judge; affirmed.

E. L. Chaney, as administrator of M. L. Chaney, deceased, brought suit against Bonner and Tichenor on an account, and sued out an attachment, which was levied on a lot of logs. The Sutherland-Innes Company, Limited, a corporation, intervened, claiming to own the logs.

There was evidence tending to prove that before levy of the attachment the intervener's timber agent had bought the logs for intervener, that he had branded each log with the company's mark, and put a man to watch the logs until they could be rafted down White River.

The court instructed the jury, on its own motion, as follows:

"1. This is an action by Sutherland-Innes Company, Limited, as intervener, claiming the raft of timber attached in the case by Chaney, *et al.,* as its timber, and that at the time of the issuance and levy of the writ the title to said timber was in it, and not in Bonner and Tichenor.

"2. Intervener claims said timber on account of valuable consideration paid to Bonner and Tichenor, and delivery of same to it before said attachment was issued and levied.

"3. To constitute a sale, there must have been a valuable consideration passed and a delivery of the timber.

"4. The court instructs the jury that if the Sutherland-Innes Company, Limited, under their contract with Bonner and Tichenor advanced to them money to pay for all of the cottonwood logs in the raft, and the intervener paid the stumpage and all legal claims against said timber, and the said Bonner and Tichenor permitted them to scale the logs and brand each of said logs in its brand, then the same became the property of the said

intervener, and the title was vested in them at the time of the levy of the attachment writ, and you will find for the intervener."

The court refused plaintiff's requests for instructions as follows:

"1.    The court instructs the jury that the burden of proof is on the intervener, the Sutherland-Innes Company, Limited, to establish, before they can recover in this case, the fact that the timber attached herein was the property of the said intervener at the time of the service of the writs of attachment in this case, and it is incumbent on the intervener to establish this fact by a preponderance of the testimony over and above that introduced by the plaintiff, E. L. Chaney, administrator.

"9.    You are instructed that unless you find from the evidence that Bonner & Co., or one of the members of the said company of Bonner & Co., authorized or permitted the brand of the intervener to be put on the logs in controversy freely and voluntarily and for the purpose and use of the brand as an evidence of title in said intervener, then you will find against said intervener."

The intervener recovered judgment below, and plaintiff has appealed.

*John F. Park, X. O. Pindall* and *F. M. Rogers,* for appellant.

*H. Coleman* and *Murphy, Coleman & Lewis,* for appellee.

HILL, C. J.    The controlling question in this case is whether the logs in controversy had been delivered to appellee prior to the attachment of appellant.

The court gave four instructions of its own motion and the 1st and 9th requested by appellant, which instructions will be found set out in the statement of facts.

Where the property is ponderous, a symbolical or constructive delivery may be accepted as sufficient when such symbolical delivery is the usual delivery, the proper delivery, or such as the property is capable of, and evidences the change of possession. This question is fully discussed by Chief Justice ENGLISH in *Puckett* v. *Reed,* 31 Ark. 131, which case has been frequently approved and applied. *Trieber* v. *Andrews,* 31 Ark. 163; *Shaul* v. *Harrington,* 54 Ark. 305; *White* v. *McCracken,* 60 Ark. 613.

There was evidence to sustain the hypothesis of the instructions given, and the facts therein supposed, if existent, made a good delivery, and there was no conflict as to the crucial matters evidencing the delivery.

The instructions given covered the law of the case necessary to have been given in order for the jury to have reached a correct verdict. The refused instructions have been carefully examined, and it can not be said that the refusal to give any of them was error.

Judgment affirmed.