GUION MERCANTILE COMPANY *v.* CAMPBELL.

Opinion delivered June 28, 1909.

1. SALES OF CHATTELS—WHEN TITLE PASSES.—The title to personal property will pass and the sale be complete if it is the intention of the parties to transfer the title on the one part and to accept same on the other, even though something remains to be done; as, for example, the fixing of the quantity or value of the property or the payment of the purchase money. (Page 242.)

2. INSTRUCTION—REPETITION.—It was not error to refuse to give instructions fully covered by other instructions given. (Page 242.)

3. SAME—APPLICABILITY.—It was not error to refuse to give instructions which were inapplicable to the evidence adduced in the case. (Page 242.)

4. EVIDENCE—DECLARATIONS OF VENDOR AND VENDEE.—Upon the issue whether a certain sale of chattels was ever completed, it was not error to admit proof of statements of the vendor and vendee with reference to the sale if they were made at or about the time the sale was made and prior to the delivery of the chattels to the vendee, even though they were made in the absence of defendant, who subsequently purchased the chattels from the vendor. (Page 242.)

Appeal from Izard Circuit Court; *John W. Meeks,* Judge; affirmed.

*J. B. Baker,* for appellant.

1. The burden was on plaintiff to prove title. The sale was imperfect and incomplete, as something remained to be done between buyer and seller. 19 Ark. 573. There was no delivery. Replevin does not lie for part of a lot of ties in which only an individual interest is claimed. 44 Ark. 447. Where chattels are sold to two different purchasers by sales equally valid, he who first take possession will hold as against the other. Benjamin on Sales, § 675 n. d; 97 Mass. 46-48. The conditions precedent to vest title in Campbell had not been performed when appellant purchased from Sonchersee. The title was never to vest in Campbell until the ties were hauled, counted and paid for. 21 Am. & Eng. Enc. Law (1 Ed.), 633, (4), 634 (b); 5 *Id.* 433; 22 Ark. 64; 60 *Id.* 489. Where there is any evidence to support the contention of a party, he has the right to have the question submitted to the jury. 70 Ark. 231; 52 *Id.* 47; 22 *Id.* 477; 31 *Id.* 699; 14 *Id.* 530.

2. The court erred in allowing witness P. B. Campbell, his daughter and Marchant to testify relative to statements made by Sonchersee, a person not a party to the suit, in the absence of any member of defendant firm. It was simply hearsay.

3. Replevin will not lie for an individual share of one partner unless first separated from the mass and identified. 44 Ark. 447; 40 Ark. 75; *Ib.* 551.

*P. B. Campbell, pro se.*

1. The evidence shows a *sale* of the ties, and that they were paid for by Campbell.

2. They were delivered in the woods. Nothing was left undone. The sale was complete. 21 Am. & Eng. Enc. L (1 Ed.), 484.

3. Appellant acquired nothing by his second purchase, whether he had notice or not. 62 Ark. 84.

4. The second instruction is the law. 62 Ark. 84.

FRAUENTHAL, J. This is a replevin suit brought by the plaintiff, P. B. Campbell, against the defendant, the Guion Mercantile Company, for the recovery of one hundred cross ties. It was instituted in a justice of the peace court, and an appeal was taken from the judgment of that court to the circuit court; and in that court a jury returned a verdict in favor of the plaintiff for the cross ties.

The evidence tended to prove that about December 10, 1907, the plaintiff entered into a contract with one Sonchersee by which the latter, in consideration of certain supplies furnished him by the plaintiff, agreed that he would sell to plaintiff all the cross ties which he cut and made on his land and would deliver them to plaintiff at that place in the woods; and they agreed that plaintiff should pay twenty-four cents for each cross tie. The plaintiff furnished to him supplies amounting to $17.80, and thereafter in the same month Sonchersee, under the above agreement, delivered to plaintiff in the woods on the land the 100 cross ties in controversy; and the plaintiff then hauled and placed them on the railroad right of way. The plaintiff did not sell the cross ties, on account, as he claimed, of no immediate demand for same, and he did not pay the balance of the purchase money to Sonchersee, and still owes said balance. Thereafter, on January 1,

1908, Sonchersee sold the ties to defendant, who paid him therefor.

It is urged by the defendant that a sale is not complete as long as anything remains to be done between the buyer and seller in relation to the goods, and on this principle the sale to plaintiff under the evidence was not complete. Under the evidence on the part of the plaintiff, the only thing that remained to be done between him and Sonchersee was for plaintiff to pay him the remainder of the purchase money; the ties were sold and delivered to plaintiff. As is said in *Beller* v. *Black,* 19 Ark. 573: "The purchase money may remain to be paid, and yet the sale may be complete, if the goods be delivered." The title to personal property will pass and the sale be complete if it is the intention of the parties to transfer the title on the one part and to accept same on the other, and in pursuance thereof a delivery is made, even though something remains to be done; as, for example, the fixing of the quantity or exact value of the property or the payment of the purchase money. *Chamblee* v. *McKenzie,* 31 Ark. 155; *Gans* v. *Holland,* 37 Ark. 483; *Shaul* v. *Harrington,* 54 Ark. 305; *Lynch* v. *Daggett,* 62 Ark. 592; *Priest* v. *Hodges,* 90 Ark. 131.

However, in this case, under the evidence on the part of the plaintiff, the price was agreed upon, and the plaintiff simply owed to Sonchersee a balance of the purchase money. Under that evidence the sale was complete, and the title to the ties was in plaintiff. After that Sonchersee could not transfer a good title to the ties to defendant. *Jetton* v. *Tobey,* 62 Ark. 84.

The issue in the case, therefore, was whether Sonchersee had sold and delivered the ties to plaintiff. The court presented that issue to the jury by instructing them, in substance, that before the plaintiff could recover it devolved on him to prove by a "preponderance of the evidence that Sonchersee sold and delivered the ties in controversy to the plaintiff."

The defendant requested the giving of certain instructions which were refused. But those instructions were fully covered by the ones given on the part of the plaintiff, or were inapplicable to the evidence adduced in the case.

The court permitted certain witnesses to testify to the statements made by Sonchersee and plaintiff in making their alleged contract of sale in December; and defendant urges that this tes-

timony was incompetent because the statements were made in the absence of defendant. But these conversations related to the sale at or about the time it was made and prior to the delivery of the ties by Souchersee to the plaintiff. Such testimony was competent. *Phipps* v. *Martin,* 33 Ark. 207; *Seawell* v. *Young,* 77 Ark. 309.

The statements or declarations of a vendor are only inadmissible in evidence if made subsequent to the sale and delivery of the property, to such vendee, and in the absence of the other claimant. *Humphries* v. *McCraw,* 9 Ark. 91; *Finn* v. *Hempstead,* 24 Ark. 111; *Smith* v. *Hamlet,* 43 Ark. 320; *Crow* v. *Watkins,* 48 Ark. 169; *Hughes Bros.* v. *Redus,* 90 Ark. 149.

We find no prejudicial error in the trial of this case. The verdict of the jury being sustained by the evidence, the judgment is affirmed.