BROWN *v.* SIMSBORO CASH STORE.

Opinion delivered March 4, 1912.

SALES OF CHATTELS—SUFFICIENCY OF DELIVERY.—If the property be present, and the vendor for an agreed consideration makes an unconditional sale of the property to the vendee, who accepts it, although the actual possession of the property is retained by the vendor as bailee for the vendee, the sale is complete.

Appeal from Lafayette Circuit Court; *Jacob M. Carter,* Judge; affirmed.

*D. L. King,* for appellant.

No brief for appellee.

FRAUENTHAL, J.    This is an action of replevin for the recovery of a yoke of oxen.    It was instituted by the appellee, and the trial resulted in a verdict in its favor.    The appellant has made no abstract of the instructions given by the trial court,

nor of any that it refused. According to the repeated rulings of this court, we will therefore indulge the presumption that no error was committed by the trial court in its rulings upon the instructions.

The sole question which is presented by the record for our determination is whether there is sufficient legal evidence to sustain the verdict which was returned.

The appellee claimed title to the property by virtue of an alleged purchase from appellant. The appellee is a corporation engaged in the mercantile business at Simsboro, Louisiana, and it appears from the testimony introduced upon its behalf that appellant purchased goods from it for several months prior to April, 1911, and upon a credit. In April, 1911, it insisted that appellant should pay or reduce this indebtedness. In consideration of $70, which was credited by the appellee upon his account, the appellant then sold to it the property involved in this suit. The oxen were at that time in the town of Simsboro, and appellant brought them to appellee's store, and turned them over for the above consideration. It was then agreed between the parties that appellant might retain possession of the property until June following, for the purpose of hauling some ties. This the appellant did; but, instead of returning the property to appellee, he left Simsboro with it in June, and there was some testimony tending to prove that he left in the night time, driving the cattle, and under suspicious circumstances indicating that he was endeavoring to leave with the property without appellee's knowledge.

In determining whether or not there was a completed sale of the property to appellee under the facts of this case, the controlling question is, was there a delivery of it at the time of the alleged sale? As between vendor and vendee of personal property, the passing of the title is ordinarily determined by a consideration of what was the actual intention of the parties. As between purchaser and seller, it is not necessary that there should be an actual change of the possession of the thing sold in order to invest the buyer with the title, if such is the actual intention of the parties. *Priest* v. *Hodges*, 90 Ark. 131; *Guion Mercantile Co.* v. *Campbell*, 91 Ark. 240.

If the property is present, and the vendor for an agreed consideration then makes an unconditional sale of the property

to the vendee, who for an agreed price accepts it, and at the time it is understood by both parties that the title to the property shall pass, then, although the actual possession of the property is still retained by the vendor as bailee for the vendee, the sale will still be complete. Under such circumstances, the contract of sale is absolute and binding, and the vendee's title will be protected, even as against attaching creditors or subsequent purchasers, if no element of fraud is connected with such contract of sale. *Shaul* v. *Harrington*, 54 Ark. 305; *Hight* v. *Harris*, 56 Ark. 98.

We are of the opinion that there was sufficient evidence adduced upon the trial of this case showing that the property was purchased unconditionally by appellee at the price of $70, which was credited by appellee upon appellant's account to it, and that legal delivery of the property was made at the time, and actual possession thereof was only retained by appellant as bailee of the appellee. Under these circumstances, the sale was complete, and the title to the property passed to appellee.

The appellant also urges that errors were committed by the trial court in its rulings relative to the introduction of certain testimony. Some of the exceptions which were made to these rulings have not been incorporated in the motion for new trial, and on this account have not been sufficiently preserved to be considered upon an appeal to this court. We have examined those rulings made by the trial court relative to the introduction of testimony to which exceptions have been properly made and preserved, and we do not find that any error was committed in any of these rulings; nor do we think that they are of sufficient importance to here discuss them.

The controlling question which was involved in this case is one of fact, which has been settled by the verdict of the jury. The judgment is accordingly affirmed.