CATE-LaNIEVE COMPANY *v.* PLANT.

Opinion delivered November 15, 1926.

1. ATTACHMENT—INTERVENTION—TITLE OF INTERVENER.—An intervener claiming property seized under a writ of attachment against a third person must prevail, if at all, upon the strength of his own title.

2. MORTGAGES—BILL OF SALE DISTINGUISHED.—A bill of sale of logs, on its face an absolute conveyance, though intended as security for money advanced for payment of the logs, is not a chattel mortgage nor subject to the mortgage registration laws.

3. SALES—CONSTRUCTIVE DELIVERY OF LOGS.—Where logs were purchased from plaintiff by an agent of a lumber company and a

bill of sale was given to one advancing money for purchase of the logs, which are held by the lumber company and converted into hoops for the one advancing the money, the delivery was sufficient to pass title to the latter.

4. SALES—CONSTRUCTIVE DELIVERY.—Constructive delivery on the sale of a chattel is sufficient to pass title, and the intention of the parties, when manifested by any overt act, is controlling.

Appeal from Prairie Circuit Court, Northern District; *George W. Clark,* Judge; reversed.

*Emmet Vaughan* and *E. L. Westbrooke,* for appellant.

*John E. Miller, Culbert L. Pearce* and *Craig & Wimmer,* for appellee.

McCULLOCH, C. J. Appellee was the plaintiff below in an action at law instituted against R. W. Bowen to recover upon a promissory note executed by the latter. An order of attachment was duly issued at the time of the commencement of the action, and the writ was levied on 459 sawlogs as the property of Bowen. Appellant interpleaded in the action, claiming to be the owner of the attached property. Bowen made default, and a judgment was rendered against him on the note, and the attachment was sustained. The issue between appellant and appellee on the former's interplea was tried before the court sitting as a jury, and the trial resulted in a finding and judgment against appellant.

Appellant is a foreign corporation, engaged in the hoop business at Memphis, Tennessee. The Des Arc Hoop & Lumber Company is a domestic corporation, owning and operating a plant at Des Arc for the manufacture and sale of hoops and other timber products. R. W. Bowen is the president and acting manager of the Des Arc Hoop & Lumber Company. The lumber company purchased logs from various persons and manufactured them into hoops and lumber and sold the product to appellant and other dealers in those lines of business. It was the custom between appellant and the lumber company that, when the latter purchased logs for the manufacture of hoops, appellant furnished the money to

pay for same and the lumber company gave appellant a bill of sale for the logs purchased. The logs were then transported to the mill at Des Arc, and hoops manufactured therefrom were shipped to appellant. Appellant took the hoops at the prevailing market price at the time of shipment, which was agreed upon between the parties from time to time, and the price was credited to the lumber company on appellant's books, the amount advanced to purchase the logs having been already charged to the lumber company, and settlement between the two corporations was made on the basis of the difference between the amount advanced by appellant for the purchase of the logs and the market price of the hoops delivered.

Appellee was originally the owner of the logs in controversy, and sold them to the lumber company, R. W. Bowen acting for the company in the purchase. The logs were then banked on Black River, and, after the sale and purchase, were thrown into the river and rafted and then floated down Black River into White River, and thence down White River to Des Arc. On the day the logs were purchased from appellee they were scaled, and appellee executed the following certificate to appellant:

"7/27/23.

"Cate-LaNieve Co.,
Memphis, Tenn.:

"R. W. Bowen has this day scaled 459 elm logs which are clear from all incumbrance.

"T. C. & R. L. Plant,
"By T. C. Plant, Bald Knob, Ark."

The scale of the logs, showing 53,226 feet, was forwarded to appellant by the lumber company, together with a bill of sale for the logs, duly executed by Bowen as president of the lumber company, and appellant sent a check for $852.61, the purchase price of the logs, and this check was delivered to appellee in payment. The bill of sale was dated July 28, 1923, and was in absolute terms conveying the logs to appellant.

The order of attachment in this case was levied on the logs after they reached the mill at Des Arc. Bowen testified that he purchased the logs for his company, and was acting for the latter throughout the transaction. Bowen and the secretary of appellant company, Mr. Bigelow, both testified concerning the method of doing business between appellant and the lumber company, and their testimony is undisputed. Appellee did not introduce any evidence, but relied upon the supposed failure of appellant to make out a case showing title to the property in controversy. The trial court found, as before stated, in favor of appellee, and the primary question presented on this appeal is whether or not the evidence is legally sufficient to support the finding of the court.

Counsel for appellee rely upon the settled rule of law, that an interpleader claiming property seized under a writ of attachment against a third person must prevail, if at all, upon the strength of his own title.

The bill of sale executed by the lumber company to appellant is, on its face, an absolute conveyance, but the evidence tended to show that it was really intended as security for the money advanced by appellant for the payment of the price of the logs. This fact is mentioned for the reason that counsel for appellee treat it as of primary importance in sustaining the judgment of the court. Their argument in support of the judgment is that the bill of sale was nothing more nor less than a chattel mortgage, and that it was void against third parties because not filed or recorded. The answer to this contention is that the instrument was not in form of a mortgage, even though so intended by the parties, and is not controlled by registration laws governing mortgages. *Martin* v. *Schichtl,* 60 Ark. 595, 31 S. W. 458; *Priddy & Chambers* v. *Smith,* 106 Ark. 79, 152 S. W. 1028, 44 L. R. A. (N. S.) 285; *Williams-Echols D. G. Co.* v. *Bloyd,* 169 Ark. 529

The case stands, then, the same as if the bill of sale was in fact what it purported to be on its face,

an absolute conveyance, and the case turns upon the question of fact whether or not there was a sufficient delivery of the property to pass the title. Bowen, the defendant in the attachment, has never been the owner of the property, for, according to the undisputed evidence, he was acting for his company in making the purchase. When the title passed out of the appellee, the original owner, it went to the purchaser, Des Arc Hoop & Lumber Company, and thence passed to appellant under the bill of sale, if there was a sufficient delivery to consummate the conveyance. There is no question of fraud involved in the case, and appellee is not claiming as an innocent purchaser. He is merely an attaching creditor, and, if there was sufficient delivery, either actual or constructive, to pass the title, then the judgment, of course, should have been in favor of appellant. It has always been the rule of this court that constructive delivery on the sale of a chattel is sufficient to pass title, and that the intention of the parties, when manifested by any overt act, is controlling. *Cocke* v. *Chapman,* 7 Ark. 197; *Durr* v. *Henry,* 44 Ark. 301; *Shaul* v. *Harrington,* 54 Ark. 305, 15 S. W. 835; *Lynch* v. *Daggett,* 62 Ark. 592, 37 S. W. 227; *Guion Mercantile Co.* v. *Campbell,* 91 Ark. 240, 121 S. W. 164; *Elgin* v. *Barker,* 102 Ark. 482, 153 S. W. 598; *Vance* v. *Bell,* 153 Ark. 229, 240 S. W. 8. In *Shaul* v. *Harrington, supra,* it was said: "If the vendee may leave the vendor in possession to enjoy temporarily the full fruits of ownership, as was done in Twine's case, and yet be allowed the opportunity to maintain his title, as he may in this State, the reason is all the stronger for allowing the vendor to retain possession as bailee for the vendee's profit and benefit."

The testimony in this case shows unmistakably that the intention of the parties was to transfer the title of the property to appellant, and that the lumber company, as the vendor, should retain possession merely for the profit and benefit of the vendee, so this brings the case squarely within the rule announced by the court in *Shaul* v. *Harrington, supra.* The facts of the case also come

clearly within the rule announced by the court in *Lynch*
v. *Daggett, supra,* and in that case the facts with regard
to delivery were the same, the only difference in the cases
being that one was in fact an absolute sale, whereas, in
the present case, the bill of sale was intended as security;
but, as we have already seen, that distinction is immate-
rial.   The case also falls within the control of our deci-
sion in *Vance* v. *Bell, supra,* where there was a bill of sale
executed without actual delivery or visible change of pos-
session, and the property remained in possession of an
employee of the vendor.   The trial court held, the same
as in this case, that there was no delivery, but this court
reversed the judgment, holding that the delivery was
complete.

It follows that the judgment of the circuit court was,
upon the undisputed facts in the case, incorrect, and
the same must be reversed.   Appellant having given
bond for the attached property, and the case having been
fully developed in the trial below, it is unnecessary to
remand the cause for a new trial, and judgment will be
entered here in favor of appellant.   It is so ordered.