SAENGER *v.* STANDARD LUMBER COMPANY.

4—2584

Opinion delivered June 6, 1932.

*Ras Priest,* for appellant.

*James H. Johnston, Hendrix Rowell, A. H. Rowell* and *W. B. Alexander,* for appellee.

HUMPHREYS, J.   This is an appeal from a judgment sustaining an intervention of appellee in an attachment proceeding brought by appellant against V. O. Jones Hardwood Company, Inc., in the circuit court of Jackson County.

The cause was tried by the court sitting as a jury upon the pleadings and testimony, from which the court found that all the lumber on the yard of V. O. Jones Hardwood Company, Inc., at Newport was covered by three absolute bills of sale executed by V. O. Jones Hardwood Company, Inc., to appellee except certain lumber that had been sold to A. L. Ulen and others and that the lumber covered by said bills of sale belonged to appellee and was not subject to the attachment which appellant levied upon said lumber.

The trial court gave appellant a personal judgment for the amount of his account against the V. O. Jones Hardwood Company, Inc., but refused to sustain the attachment on the lumber covered by the bills of sale, which were executed prior to the issuance of the writ of attachment.   The V. O. Jones Hardwood Company, Inc., made default and did not controvert the alleged grounds of appellant's attachment, and on this account appellant takes the position that he was entitled to have his attachment sustained on all the lumber on the yard.   His contention is that appellee had no right to defend against

the attachment proceeding. This contention does not take into account the issue of the ownership of the lumber tendered by the intervention of appellee Ulen, and others. According to the allegations of their interventions, they became the owners of the lumber in question by purchase before the issuance and levy of appellant's attachment. An intervener in an attachment proceeding claiming title to the property attached becomes the plaintiff in the action, and the *onus* is upon him to prove his title thereto. *State* v. *Spikes,* 33 Ark. 801; *Stevens* v. *Oppenheimer,* 45 Ark. 492; *Excelsior Mfg. Co.* v. *Owens,* 58 Ark. 556, 25 S. W. 868. And he must recover, if at all, upon the strength of his own title to the property. *Cate-LaNieve Co.* v. *Plant,* 172 Ark. 82, 287 S. W. 750. The title to the property involved is the paramount issue between an intervener and the attaching creditor, irrespective of whether the alleged grounds of attachment have been controverted by the debtor, and, of course, it would be error for a court to sustain an attachment because the alleged grounds of the attachment were not controverted if the intervener met the burden and proved title to the property attached.

Appellant also contends that the bills of sale were intended as chattel mortgages to secure advances as the lumber was sawed and stacked on the yard, but the testimony of Miller and Carnahan tended to show that the intention on the part of V. O. Jones Hardwood Company, Inc., was to sell and on the part of appellee to buy the lumber, and that there was a constructive delivery of same. The bills of sale are absolute, and purport upon their face to convey the title to the lumber from V. O. Jones Hardwood Company, Inc., to appellee. The court made this finding sitting as a jury, and appellant is bound thereby on appeal in this court, as there is substantial evidence to support it. A sale of chattels is absolute, and title to the property passes from the vendor to the vendee, even though only a part of the purchase money is advanced or paid, if a sale was intended by the

parties and if supported by actual or constructive delivery. *Cate-LaNieve Co.* v. *Plant, supra.* The testimony of Carnahan was to the effect that, after the lumber was sawed and stacked on the yard, an inventory was made of same, and that a mark was placed thereon.

Appellant also contends that appellee was unable to identify the lumber supposed to be covered by the bills of sale as its lumber. There is substantial testimony in the record tending to show that it could and did identify the lumber on the yard as that covered by the bills of sale. Carnahan was asked the question if the lumber on the yard was the lumber actually purchased by appellee, and he answered that it was, explaining that it checked exactly with his inventory except a small portion thereof that had been stolen. He also testified that he had seen the lumber frequently, and that he had examined it the day before the trial of the cause and identified same as the lumber that he had invoiced and marked. This evidence is of a substantial nature and sufficient to support the finding and judgment of the trial court.

No error appearing, the judgment is affirmed.