FARMERVILLE STATE BANK *v.* HARMON.

4-3576

Opinion delivered November 19, 1934.

*Neil C. Marsh, Neil C. Marsh, Jr., Tom Marlin* and *C. W. McKay,* for appellant.

*J. V. Spencer, McNalley & Sellers* and *H. S. Yocum,* for appellees.

McHANEY, J. In the year 1926, appellee, T. L. Grubbs, was engaged in the construction of highways in Louisiana near Farmerville, and owned considerable tools, machinery, mules and horses, which he used in his road construction business. He became indebted to appellant in that year, and executed to appellant a note secured by a mortgage on said property which is now in controversy. On April 17, 1928, Grubbs was so indebted to appellant in the sum of $4,500, evidenced by his note for said amount due and payable August 20, 1928, which was secured by mortgage on said property. The property was then located in Louisiana, but was afterwards without appellant's consent brought into Union County, Arkansas. Grubbs failed to pay his indebtedness to appellant·when due, and on October 2, 1929, he executed and delivered to appellant a bill of sale of the property in controversy, which was then located near Huttig, in Union County, Arkansas, and was in the possession of the appellee, J. W. Valliant, who was employed by Grubbs and was using said property in hauling logs for the Union Sawmill Company. A short time after the execution and delivery of the bill of sale, appellee Valliant went to Farmerville, Louisiana, for the purpose of obtaining appellant's consent for him to keep possession of the property for a while and until they could pay the indebtedness that Grubbs was due his employees. According to Valliant, Mr. Selig, appellant's vice president, refused permission to keep such possession for this purpose. According to Mr. Selig, he agreed to let Valliant keep possession of the mules and other property involved in this suit for the purpose of finishing some hauling. A

short time thereafter Valliant brought an attachment suit in the Union Circuit Court against Grubbs on an alleged indebtedness of $834.95 which he claimed Grubbs owed him for services rendered, and levied an attachment on the property in controversy. Thereafter Grubbs entered his appearance and consented that judgment go against him, and on the 20th day of November, 1929, judgment for said sum was rendered, the attachment sustained, and the property was ordered sold to satisfy said judgment. Before the sale, appellant learning of this proceeding, brought a replevin suit against John W. Harmon, sheriff of Union County, Arkansas, as also Valliant and Grubbs, to recover possession of the property. Issue was joined, and on Valliant's motion the court required appellant to elect whether it claimed title and right to possession of this property under its mortgages above mentioned or its bill of sale dated October 2, 1929. Under the order of the court appellant elected to stand on the bill of sale. It was tried to a jury, and judgment rendered against appellant in the sum of $1,762, the property having been delivered to appellant under its replevin bond.

The bill of sale is the ordinary form of a bill of sale covering personal property. It provided that, in consideration of the sum of one dollar and other valuable considerations to him (Grubbs) cash in hand paid by appellant, receipt of which is acknowledged, "have bargained, sold and delivered, and do by these presents bargain, sell and deliver," unto the appellant the personal property therein described, which is the property in controversy. It further contained this clause: "It is agreed that any money received by the seller under this bill of sale for any of the livestock, tools, or equipment herein mentioned, shall and will be credited on and against my indebtedness to them, memorandum of such sale shall be made to me at my address at Maud, Texas, said credits to be applied as, where and if the money is received, less all expenses of sale." It concluded with a warranty clause, but no defeasance clause. At the same time Grubbs executed a note to appellant covering all of his indebtedness to it up to that time, and also executed

a mortgage on other property that he had in Cass County, Texas.

The court instructed the jury that the instrument above mentioned, called a bill of sale, is a bill of sale. The only question submitted to the jury was whether there was a constructive or symbolical delivery made of the personal property therein described by Grubbs to appellant. The jury found that there had been no such delivery, and under the instructions of the court returned a verdict against appellant for the value of the property.

We are of the opinion that the court erred in submitting that question to the jury, and in refusing to direct a verdict for appellant at its request. The undisputed evidence shows that the sale by Grubbs to appellant was complete, and the execution and delivery of the instrument to it constituted a constructive or symbolical delivery of the property to the appellant. The instrument was executed in Texarkana, Texas. The property was located in Union County, Arkansas, and was not subject to manual delivery at that time. We agree with the trial court that the instrument is in fact a bill of sale and not a mortgage. There is no question of fraud involved in the case as between appellant and Grubbs. Appellee is merely an attaching creditor, and, if the execution and delivery of the bill of sale was a sufficient delivery of the property, either actual or constructive, to pass the title to it, a judgment should have been directed in the appellant's favor. It was said by this court in *Cate-LaNieve Co.* v. *Plant,* 172 Ark. 82, 287 S. W. 750: "It has always been the rule of this court that constructive delivery on the sale of a chattel is sufficient to pass the title, and that the intention of the parties, when manifested by any overt act, is controlling" (citing a number of cases).

Now in this case both appellant and Grubbs testified positively that the execution and delivery of the instrument was intended by both parties to be a complete sale, and to pass the title to the property therein described at that time. Appellee, Valliant, also recognized this to be the fact and recognized appellant's title to the property by his trip to Farmerville, and by his request of

permission to retain the property for a short time for said purposes. Valliant's possession of the property was Grubbs' possession prior to the execution and delivery of the bill of sale, as he was Grubbs' agent. After the execution and delivery of the bill of sale, he held possession for appellant. Appellees contend that the clause above quoted renders the instrument a mortgage and not a bill of sale. Assuming that it might be so held in equity, we think it can make no difference to Valliant for in either case his lien acquired by attachment was subsequent to the title or lien conveyed by the instrument.

Under our view of the case, the court should have directed a verdict in appellant's favor. Not having done so, the judgment will be reversed, and judgment will be rendered here for the possession of the property in appellant's favor.