VITTITOW v. LEWIS.

4-4432

Opinion delivered December 14, 1936.

*Peyton D. Moncrief, A. G. Meehan* and *Jno. W. Moncrief,* for appellant.

*George E. Pike,* for appellee.

HUMPHREYS, J. Appellee brought suit against appellant on two notes, one for $1,000 and one for $800, the first being dated February 21, 1920, and the other January 8, 1921, each being due one year after date.

The execution of the notes was admitted or, at least, shown by the undisputed evidence, and the defense interposed by appellant was that each was barred by the five-year statute of limitations.

Appellee assumed the burden of showing that payments from time to time had prevented the statutory bar from attaching.

The cause was submitted to the jury upon the pleadings, testimony adduced, and instructions of the court, which resulted in a finding of the jury in favor of appellant on the $800 note, from which there is no appeal, and against appellant on the $1,000 note.

A consequent judgment for $1,000 and interest was rendered against appellant, from which is this appeal.

Appellant first contends for a reversal of the judgment on the ground that there is no substantial evidence in the record upon which the jury could base its finding that a payment of $100 was made on the $1,000 note in January, 1929, by Eugene Wilson, who executed the note with appellant as makers; and that there is no substantial evidence in the record upon which the jury could base its finding that appellant made a payment of $3 on the $1,000 note in January, 1930. If either of these payments were made, the debt was not barred when the suit was filed.

Relative to these two credits appearing on the back of the note, appellee testified, in substance, as follows:

There is a credit on the $1,000 note, January, 1929, one mule $100. Got the mule from Eugene Wilson. Bought the mule from him and credited it on the note. Bought it from him some time before January, 1929, but, before delivering the mule to me he died, and his wife (Wilson's widow) delivered the mule to me. After Wilson died, bought a hog from appellant in January, 1930, for $6 and gave him credit on the $1,000 note and the $800 note for $3. He told appellant he would credit the value of the hog on one of the notes. After Wilson died, appellant said he did not have the money to pay the notes, but never denied liability on them.

Relative to the two credits on the note, appellant testified that he never paid anything on the notes; that he had no conversation with appellee about getting the hog, but later admitted he told him to get the hog, but, at the time, he told appellee to credit the value of the hog on his brother's note which his brother owed appellee and which he had signed for his brother; that after Wilson's death, when appellee asked him to pay the notes, he told appellee he did not have the money to pay them, but that he never admitted liability on them.

A. D. Vittitow testified that the hog appellant let appellee have belonged to him and that he should have gotten a credit for $6 on the note he and appellant had

given appellee, but that in his settlement of interest with appellee he did not receive a credit for the value of the hog, and said nothing to appellee about it.

As will be observed, there is no dispute in the testimony that appellee bought the mule from Wilson and gave him credit for $100 on the $1,000 note. Appellant argues that because appellee did not get possession of the mule until after Eugene Wilson died, there was no sale of the mule, and appellee had no right to give a credit on the note for $100, which was delivered to him by Wilson's widow. It is argued that this amounted to a payment by a third party and not a payment by Wilson, one of the makers of the note. We do not understand from the testimony that Wilson's widow made a payment on the note. Wilson sold a mule to appellee for $100, which, by agreement, was to be credited on the note. The delivery of the mule was not made a condition of the sale. The sale of the mule even without actual delivery was good between the parties and passed title to the mule unless it could be said that the sale was conditioned on the delivery of the mule. The fact that the widow delivered the mule without question to appellee after the death of her husband indicates very clearly that the parties intended for the title to the mule to pass to appellee as a credit on the note. As to whether the title to chattels passes to the purchaser without actual delivery is a question of intention of the parties so far as they are concerned. *Guion Mercantile Co.* v. *Campbell,* 91 Ark. 240, 121 S. W. 164. Creditors and third parties might complain, but the parties themselves, who intend for the title to pass without actual delivery, could not.

Relative to the credit for one-half the value of the hog on the $1,000 note, it was clearly a question of disputed fact for determination by the jury. The jury had a right to believe appellee and disbelieve appellant and his brother. They accepted the testimony of appellee as true, and appellant is bound by the verdict.

Appellant contends, however, that the jury would not likely have made this adverse finding to him had the court given his requested instruction to the effect that

the burden rested upon appellee to show that the statute was tolled by payments before the notes were barred. The court so instructed the jury by saying to them that the burden rested upon appellee to prove his claim by a preponderance of the evidence. Appellant argues that the jury might have concluded that the burden rested upon appellee to prove that he signed and owed the note and not that the burden rested upon appellee also to prove by a preponderance of the evidence that payments were made which prevented the note from running out of date. The only issue involved was whether payments had been made which tolled the statute, so when the court told the jury that the burden rested upon appellee to prove his claim by a preponderance of the evidence, the instruction necessarily meant that the burden rested upon appellee to show payments were made which prevented the note from being barred by the statute.

No error appearing, the judgment is affirmed.