In re RACQUET TIMES, INC., Debtor.

FOSCO LEASING COMPANY, Plaintiff,

v.

Murray COHEN, Trustee of the Estate of Racquet Times, Inc., Robert Eazor a/k/a Bob Eazor; Kenneth Ray Andrew, Defendants.

Bankruptcy No. 80–00512.
Adv. No. 80–0188.

United States Bankruptcy Court,
W. D. Oklahoma.

Jan. 28, 1981.

Collier H. Pate, Oklahoma City, Okl., for Fosco Leasing Co.

Duke George, Jr., New Kingston, Pa., Lewis J. Price and Bruce R. Rooker, Oklahoma City, Okl., for Robert Eazor.

Murray Cohen, Oklahoma City, Okl., trustee.

Lynn Osborn, Stillwater, Okl., for Kenneth Ray Andrew.

## FINDINGS, LAW AND JUDGMENT

### STATEMENT

DAVID KLINE, Bankruptcy Judge.

On March 24, 1980, Racquet Times filed its voluntary petition under chapter 11 of the Bankruptcy Code. On June 5, 1980, Fosco instituted an adversary proceeding against the trustee of Racquet Times, Robert Eazor a/k/a Bob Eazor, and Kenneth Andrew, seeking replevin of the furniture and equipment located at the Greensburg Club. Fosco also asserted an $80,000 damages cause of action against Eazor for conversion of said furniture and equipment. On June 19, 1980, this court ordered Racquet Times to sell its interest in the Greensburg Club leasehold to Eazor for $27,000 payable at a rate of $500 per month.

On June 23, 1980, a hearing was held before this court on the plaintiff's prayer for pre-judgment replevin of the furniture and equipment, at which time the trustee made no claim of interest. After a full evidential hearing this court found that consideration had been paid for the furniture and equipment by the Greensburg Club by and for the benefit of its owner, Eazor, and that the plaintiff's request for a pre-judgment order of delivery should be denied.

On August 21, 1980, Eazor filed his answer to the plaintiff's complaint asserting among other defenses that Eazor, through Racquet Times, had purchased the property sought by the plaintiff and was the rightful owner thereof.

### FINDINGS

1) In the fall of 1979 Racquet Times, Inc. ("Racquet Times") was preparing to open a racquet club known as Racquet Times of Greensburg, located in Greensburg, Pennsylvania (the "Greensburg Club"). Racquet Times had entered into a long-term lease agreement with the defendant, Robert Eazor ("Eazor") to lease the facility which he was constructing at 110 Sheraton Drive, Greensburg, Pennsylvania. Racquet Times had prepared to purchase equipment and furniture for the leasehold estate in Greensburg from Scott-Rice of Tulsa, an office supply firm. However, before the arrangements were finalized, Kenneth Andrew, President of Racquet Times, decided to purchase the equipment and furniture described in Exhibit "A" of the plaintiff's complaint (hereinafter referred to as the "furniture and equipment") from Fenton Office Supply Co. ("Fenton"), an Oklahoma corporation controlled by Jerry Carpenter.

2) Racquet Times agreed to purchase furniture from Fenton valued at $35,000. On October 16, 1979, Racquet Times paid Fenton $15,000 in funds transferred from the Greensburg Club to Racquet Times as partial payment for the furniture and equipment. Prior to October 30, 1979, the furniture and equipment was delivered to the Greensburg Club. On November 26, 1979, an additional $10,000 was paid to Fenton from funds transferred from the Greensburg Club to Racquet Times. On November 28, 1979, further payment of $10,000 was made to Fenton by Racquet Times from funds generated from the Greensburg Club.

3) The plaintiff, Fosco Leasing Company ("Fosco") was incorporated in Oklahoma on October 30, 1979 after the furniture and equipment had been delivered to the Greensburg Club. On November 1, 1979 Fosco allegedly entered a lease agreement with Racquet Times whereby Fosco agreed to lease the furniture and equipment to Racquet Times for five years for $76,182. The furniture and equipment had an agreed value of approximately $35,000.

### LAW

■ 1) The use of the summary judgment procedure provided for in Rule 56 of the Federal Rules of Civil Procedure is appropriate in bankruptcy proceedings. *In re Yellow Transit Freight Lines*, 207 F.2d 602 (7th Cir. 1953). Read *In re Georgia Jewelers, Inc.*, 219 F.Supp. 386 (ND Ga.1962).

2) The application of Rule 56 through Bankruptcy Rule 756 is not inconsistent with the Bankruptcy Reform Act of 1978. Read 11 U.S.C., Tit. IV, § 405(d); and Rule 56 of the Federal Rules of Civil Procedure provides that summary judgment shall be rendered where "there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law."

■ 3) To maintain an action for replevin the plaintiff must be the owner of the property or it must have a special ownership interest therein. 12 Okla.Stat. § 1571 A(1)b (Supp.1979); *Riesinger's Jewelers, Inc. v. Roberson*, 582 P.2d 409 (Okla. App.1978). Moreover, to maintain an action for conversion the complaining party must have an interest in the thing converted provided such interest carries with it the right of possession at the time of the alleged conversion. *ITT Industrial Credit Company v. L–P Gas Equipment, Inc.*, 453 F.Supp. 671, 676 (W.D.Okla.1978); *White v. Webber-Workman Co.*, 591 P.2d 348, 350 (Okla.App.1979).

4) Section 2–401(2) of the Uniform Commercial Code, 12A Okla.Stat. § 2–401 (1971), provides:

"Unless otherwise explicitly agreed title passes to the buyer at the time and place at which the seller completes his performance with reference to the physical delivery of the goods. . . ."

In *King v. Adams*, 265 F. 9 (8th Cir. 1920), a case interpreting Oklahoma law, the Eighth Circuit made the following observation at page 11 of its opinion:

"Furthermore, prepayment may be waived, and unconditional delivery is strong evidence of waiver and release of the seller's right to claim any interest in or return of the goods. Tiedman says at Section 85:

'Where the sale is a cash transaction, the parties are presumed to require prepayment of the price before there is any transfer of title or possession. *If the goods are delivered to the vendee, in the absence of the express agreement to the contrary, the prepayment of price is pre-* sumed to have been waived, and the vendee acquires title on delivery.'" (emphasis added)

Also read *Anderson-Thompson, Inc. v. Logan Grain Company*, 238 F.2d 598 (CA 10 1956). Compare *Saenger v. Standard Lumber Company*, 185 Ark. 990, 50 S.W.2d 589 (1932).

■ A seller cannot transfer a better title to a chattel than it possesses. *Al's Auto Sales v. Moskowitz*, 203 Okl. 611, 224 P.2d 588, 591 (1950); *Carpenter v. Mead*, 60 Okl. 127, 153 P. 658 (1915). Cf. *Nelson v. New Hampshire Fire Insurance Company*, 263 F.2d 586, 588 (CA 9 1959).

## CONCLUSION AND JUDGMENT

■ For Fosco to be entitled to recover on either of its causes of action against Eazor it is essential that Fosco has some ownership interest in the furniture and equipment located at the Greensburg Club. The uncontroverted facts show that the Greensburg Club through Racquet Times, purchased the furniture and equipment from Fenton in the fall of 1979 for $35,000. On October 16, 1979, $15,000 was transferred from the Greensburg Club through Racquet Times to Fenton as an initial payment for the instant furniture and equipment. Jerry Carpenter admits that Fenton received this money. Prior to October 30, 1979 Fenton identified the property to the contract and completed its performance by physically delivering the furniture and equipment to the Greensburg Club. On November 26 and November 28, 1979, two checks in the amount of $10,000 each were issued to Fenton in payment for the furniture and equipment, which $20,000 was generated from the Greensburg Club and was paid to Fenton through Racquet Times.

Thus all of the Fenton's title and interest in the furniture and equipment passed to the purchaser at the time Fenton completed its performance by delivering said property to the Greensburg Club. After said delivery Fenton retained no interest in the furniture and equipment and therefore had nothing to convey to Fosco subsequent to

such delivery. Moreover, Fosco was not incorporated until subsequent to such delivery and had no capacity to purchase property until its incorporation. Read 18 Okla. Stat. §§ 1.14(b) and 1.19 (Supp.1979).

Accordingly it is hereby

ORDERED, ADJUDGED and DECREED that defendant Robert Eazor be granted summary judgment against plaintiff Fosco Leasing Company both as to plaintiff's first and second cause of action.